Viola Marie Claeys, guardian of property of John Molden-
schardt, incompetent, appellee, v. Barbara Moldenschardt,
a/k/a Barbara Koeppel, appellant.

No. 52353.

(Reported in 148 N.W.2d 479)

**38**

Harold C. Lounsberry, of Davenport, for appellant.

Richard L. Stevens, of Davenport, for appellee.

RAWLINGS, J.—Defendant sought to vacate a default judgment entered against her. This relief was denied by the trial court and she appeals.

Plaintiff was appointed guardian of John Moldenschardt, incompetent, and February 26, 1963, filed a petition alleging substantially as follows:

Her ward, a man about 77, had accumulated money and real estate but in recent years failed mentally. Sometime in 1959 he met defendant, about 48, and fell prey to her wiles and demands. By artifice she secured from the incompetent all his savings plus $9600 which he had borrowed, and title by deed to a 183-acre farm owned by him. Upon appointment of plaintiff guardian, defendant demanded access to a residence owned by the ward in DeWitt. When this was refused she padlocked the house. As a result the service lines froze and broke, causing water to escape, resulting in damage of $560 to the premises. That the ward had also been deprived of the use of or income from the DeWitt property at a loss of $40 per month.

Plaintiff prayed an accounting for all money received from the ward by defendant; that she be compelled to pay over or refund all sums due the ward; deed to the farm property be cancelled of record; plaintiff have an accounting for all rents and profits received by defendant from the farm; judgment against defendant for damage to the house in DeWitt, plus loss of its rental value; and for other equitable relief.

As best we can determine from the record the factual situation, in chronological order, is substantially as follows:

Original notice with copy of petition attached was personally served on defendant March 22, 1963.

Defendant filed no appearance and failed to move or plead.

August 2, 1963, plaintiff filed motion for default.

August 7, 1963, defendant was adjudged to be in default. The trial court then ordered hearing be held August 27, 1963, for the purpose of allowing plaintiff to prove her claim.

The record does not so disclose but counsel for both parties agree and argue the trial court also directed a copy of the August 7 order be mailed to Thomas M. Kelly, Jr., an attorney. No reason for this is given. However, it appears Kelly was originally contacted by defendant, had discussed this case with counsel for plaintiff, and represented defendant in other legal proceedings arising out of the dealings between defendant and the ward.

December 10, 1963, the court heard plaintiff's proof, defendant not appearing.

January 22, 1964, plaintiff was granted judgment against defendant for the total sum of $14,770.55, and cancellation of deed to the farm property.

November 24, 1964, defendant filed petition under rule 252, R. C. P., to vacate the default judgment and decree.

December 17, 1964, plaintiff filed answer to defendant's petition.

January 11, 1966, at time of hearing on defendant's action she tendered an amendment to her petition. Leave to amend was denied.

Evidence was then presented by both parties. January 27, 1966, an order was entered denying defendant's petition to vacate plaintiff's judgment.

Defendant now contends the trial court wrongfully refused to set aside the default judgment and asserts five statements of error relied on for reversal.

I. We have held a petition to vacate a judgment is triable at law, not in equity, and the findings of the trial court on a dispute of fact is entitled to the same weight as a jury

verdict. It is not triable de novo on appeal. Windus v. Great Plains Gas, 255 Iowa 587, 593, 122 N.W.2d 901, and Gaynor v. Gaynor, 246 Iowa 1039, 1042, 70 N.W.2d 923.

II. The two points of error first asserted by defendant are interwoven and will be so considered.

She claims the trial court had no jurisdiction to enter judgment by default which awarded relief not embraced within the issues presented by plaintiff's petition, and erred in refusing permission to accordingly amend her petition to vacate. We find no merit in these contentions.

By her petition defendant specifically invoked rules 252 and 253, R. C. P.

Under these rules a judgment may be vacated or modified for any one or more of five specified causes, provided the case is begun within one year from date of judgment.

Defendant's action was commenced about ten months after entry of the challenged judgment. However, the amendment was not tendered until approximately two years later, just before hearing on her case was to begin.

Furthermore this instrument is clearly designated an amendment to the original petition which as paragraph 5 is specifically denominated an *additional ground in support of her petition to vacate.* See rule 89, R. C. P.

By this attempted amendment defendant asserts the court had no jurisdiction to allow the remedy granted since plaintiff did not demand recovery on the basis of fraud and deceit. See rule 235, R. C. P.

But defendant overlooks the fact that by her amendment she sought redress under rule 252, which does not include as a cause for vacating judgment, want of jurisdiction to grant the relief accorded.

We find rule 252 inapplicable where the basis for relief asserted is that the court acted without or in excess of its jurisdiction. See Kern v. Woodbury County, 234 Iowa 1321, 1324, 14 N.W.2d 687.

To hold otherwise would be contrary to the terms, intent and meaning of the rule. It would also lead to needless confusion and uncertainty.

III. By so holding we do not mean there is no remedy as to a void judgment.

In Halverson v. Hageman, 249 Iowa 1381, 1387, 92 N.W.2d 569, this court defined and then held a void judgment subject to attack at anytime without resort to rules 252 and 253. In so doing we determined a proceeding to set aside such a judgment is in effect an independent action which may be so commenced or filed in the case in which the judgment under attack was entered.

But defendant did not, by her proposed amendment, undertake an independent action. Rather she attempted to mend her hold under rule 252 by asserting a new and independent action upon a basis foreign to that rule under the guise of an amendment. This she could not do.

IV. There is another factor to be considered in connection with the trial court's refusal to entertain defendant's tendered amendment which is actually determinative of the issue.

The proposed amendment came about two years subsequent to the filing of defendant's petition, long after plaintiff had answered.

In that regard we have held permission to amend is a matter resting in the sound discretion of the trial judge, the allowance of an amendment being however the general rule. See rule 88, R. C. P., and Brown v. Guiter, 256 Iowa 671, 674, 675, 128 N.W.2d 896.

On the other hand this court has several times found no abuse of discretion in denying leave to belatedly file an amendment. Brown v. Guiter, supra, and citations.

We find no abuse of discretion by the trial court in refusing to permit the late amendment.

V. Defendant next claims the trial court erred in holding a misunderstanding with her attorney as to employment of the latter did not constitute unavoidable casualty or misfortune.

This presupposes a misunderstanding and requires further exploration of the factual situation.

The record discloses defendant, on being served with original notice, went to see Attorney Kelly. He agreed to repre-

sent her, conditioned upon payment of a fee in advance. No appearance, motion or pleading was filed by him on behalf of defendant. About July 8, 1963, after receiving the notice of hearing to be held August 7, 1963, he sent a letter to defendant stating in substance a communication had been sent her May 8, 1963, relative to actions pending, and asked that she advise him as to her intentions, cautioning time had run out and plaintiff's attorney could take default judgment.

At this point there is some conflict in the evidence.

Defendant testified to the effect she borrowed $500 and paid Kelly $250, offering no receipt to support this claim. She did produce a statement from the loan company showing this sum had been borrowed. According to her testimony Kelly agreed to go ahead with the case and she first learned of the default November 9, 1964, when served with papers at her home. This is disputed.

Attorney Kelly stated he represented defendant in an annulment action. He had conferred with plaintiff's attorney several times but did not file any appearance, motion or pleading because defendant paid him nothing, and he could not determine from their conversations whether she did or did not want to contest plaintiff's case.

The trial court found no money had ever been paid by defendant to Kelly in connection with the action commenced by plaintiff, he was not negligent, and defendant could have avoided default by paying the fee requested.

From these findings the trial court concluded, in force and effect, defendant failed to show unavoidable casualty or misfortune which prevented her from defending.

In support of her claim the court erred in so holding, defendant cites and leans rather heavily on Edgar v. Armored Carrier Corp., 256 Iowa 700, 128 N.W.2d 922; Lunt v. Van Gorden, 225 Iowa 1120, 281 N.W. 743; Clarke v. Smith, 195 Iowa 1299, 192 N.W. 136; Barto v. Sioux City Electric Co., 119 Iowa 179, 93 N.W. 268; and County of Buena Vista v. I. F. & S. C. R. Co., 49 Iowa 657. But these cases are of little or no benefit to defendant.

Edgar v. Armored Carrier Corp., supra, dealt only with rule 236, R. C. P., which is not here applicable. All other cases last above cited antedate adoption of our Rules of Civil Procedure and are of little or no value in the interpretation and application of rules 252 and 253, or are factually inapplicable. See Windus v. Great Plains Gas, 255 Iowa 587, 596 and 600, 122 N.W.2d 901.

 As previously defined by this court, unavoidable casualty or misfortune means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing something that, except therefor, would have been done, and does not include mistakes or errors of judgment growing out of misconstruction or misunderstanding of the law, or the failure of parties or counsel through mistake to avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune. Windus v. Great Plains Gas, 255 Iowa 587, 595, 122 N.W.2d 901. We also there quoted from Barto v. Sioux City Electric Co., 119 Iowa 179, 183, 93 N.W. 268, as follows: "Defaults occurring through negligence or carelessness on the part of the judgment defendant or his attorney will not, of course, be set aside, for the law rewards the diligent, and not the careless. Moreover, one who, through carelessness or inattention to duty, brings misfortune upon himself, will not, as a rule, be heard to complain."

In the case with which we are here dealing, there was no unavoidable casualty or misfortune within the intent, purpose and meaning of rules 252 and 253. In support of this conclusion see Kinnaird v. Harvey, Ky., 291 S.W.2d 11, 13, and Lyman v. Dunn, 125 Neb. 770, 252 N.W. 197, 199.

 VI. As previously disclosed the trial court, in ordering hearing on plaintiff's petition, directed notice be given Attorney Kelly. Defendant contends she was legally entitled to notice. We do not agree.

Incidentally, rule 234, R. C. P., is not here applicable. It clearly relates to taking of defaults where notice has been given by publication and mailing. But in the case now before us an original notice was personally served upon defendant.

No Iowa rule or decision is cited and none has been found

by us requiring notice of hearing be given anyone prior to entry of default judgment where there has been personal service of original notice.

It is apparent any notice given Attorney Kelly was voluntary and gratuitous, having no effect whatsoever upon the default proceedings. In fact it would appear Kelly was notified of the hearing either as a matter of local custom or professional courtesy.

While rule 233, R. C. P., directs the clerk give notice to a defendant by ordinary mail upon entry of judgment by default, it also provides failure to give the notice shall not invalidate the judgment. Under the record this rule is neither invoked nor does it alter our conclusions.

Defendant also points to rule 120, which generally grants authority for entry of judgments, orders or decrees, and provides the clerk shall promptly mail or deliver a copy thereof to each *appearing* party or their attorney.

This rule accords defendant no benefit or relief. Neither she nor her attorney had appeared.

Although it may have been the better practice, under existing circumstances, to notify defendant personally as to time and place of hearing on plaintiff's petition, it was not required and failure to do so violated no rule or law.

VII. Here the court had jurisdiction of the parties and of the subject matter and defendant was in default.

However she contends the trial court wrongfully heard plaintiff's case without first finding and determining any duty on the part of defendant to account.

In support of this stand she refers to Benson v. Charles Weitz's Sons, 211 Iowa 489, 231 N.W. 431. But that case is not in point. There the defendant appeared and answered, denying plaintiff's right to an accounting. Here defendant neither appeared nor answered.

In this connection allegations of a petition standing undenied are deemed admitted. Rule 102, R. C. P. See also Bruckshaw v. Appanoose County Tel. Co., 252 Iowa 1037, 1040, 109 N.W.2d 615, and Swanson v. Baldwin, 250 Iowa 342, 346, 93 N.W.2d 740.

■ Defendant's obligation to account stood admitted by absence of denial, so an order for accounting was needless and would have been a superfluous gesture.

Furthermore rule 232, R. C. P., in and of itself, permitted the hearing upon plaintiff's petition.

■ VIII. As a final point of error relied on for reversal defendant says trial of the case on its merits is preferred. This is in part true.

Turning again to Windus v. Great Plains Gas, 255 Iowa 587, 600, 122 N.W.2d 901, this court said: "The rule that courts favor trials on the merits should be qualified to read that courts favor *expeditious* trials on the merits, *under settled rules of procedure*. It should not be stretched to the point where a judgment will be vacated when the petitioner, through his counsel, has ignored plain mandates of the rule with ample opportunity to abide by them. To do so would be to abrogate the rule and to reward negligence or inattention."

■ There is another well settled rule which here applies with some force. We have several times held trial courts, in passing upon a motion under rules 252 and 253, have considerable discretion, and it is not for us to interfere unless abuse is shown. Windus v. Great Plains Gas, supra, loc. cit. 255 Iowa 594, 122 N.W.2d 905, and citations.

■ The record discloses no abuse of discretion on the part of the trial court in refusing to vacate the judgment entered against defendant.

The order entered denying defendant's petition to vacate plaintiff's default judgment and decree must be affirmed.— Affirmed.

All JUSTICES concur.