Doris Ann LEMKE, Appellee,

v.

William Henry LEMKE, Appellant.

No. 54952.

Supreme Court of Iowa.

April 25, 1973.

Beecher, Buckmaster, Beecher, Holmes & Lindeman, Waterloo, for appellant.

Kennedy, Kepford, Kelsen & White, Waterloo, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

A default decree of divorce was entered against defendant on August 7, 1969. Thereafter he filed a petition under rule 252(e), Rules of Civil Procedure, asking that the decree be modified on the ground he was prevented from defending because of unavoidable casualty and misfortune. Defendants appeal from an order denying him the relief sought. We affirm the trial court.

The material portions of plaintiff's petition to modify the decree are as follows:

"* * * (2) At the time of separation of the parties just prior to the entry of this divorce decree, the defendant was under severe mental and emotional stress and strain and had received psychiatric care at the State Institute of Mental Health at Independence, Iowa.

"(3) That further at said time the conduct of the plaintiff toward the defendant, the break-up of the defendant's marital status and his mental and emotional state were such that he did not react normally or responsibly to the divorce petition of the plaintiff.

"(4) As a result of the above and foregoing, the defendant did not properly represent himself or properly look after his interests but on the contrary was indifferent and acted contrary to his best interests, to his legal rights and to equity under the circumstances.

"(5) That the same constituted an unavoidable casualty or misfortune preventing the defendant from defending himself properly in this action."

At the conclusion of a hearing limited by agreement to a determination of whether there were grounds to modify the decree (with the question as to the extent of modification being reserved for future hearing, if necessary), the trial court denied the petition. Defendant alleges two errors on appeal: (1) The trial court erroneously decided as a matter of law no grounds existed for modification of the decree; (2) The trial court erred in failing to find defendant had established grounds for modification on the evidence introduced in support thereof.

I. The first assignment raises interesting questions which require a statement of certain background facts under which the case was heard and decided.

After defendant's petition was filed, plaintiff filed a motion to dismiss on the ground it stated no facts upon which relief could be granted. This was overruled.

At the time of hearing on the petition, plaintiff made a motion designated as a motion for directed verdict upon completion of defendant's evidence. This motion, too, was on the principal ground no right to relief had been shown. This motion was also overruled.

At the end of all the evidence, plaintiff renewed her motion for a directed verdict.

The record shows no ruling, but thereafter the trial court filed its findings of fact and entered an order denying defendant's petition. We consider, therefore, the renewed motion was also overruled.

Although the order refusing to modify the decree under rule 252(e) includes language susceptible to the interpretation defendant gives it, we are persuaded the trial court did not decide the controversy as a matter of law but made a factual determination that the evidence did not show defendant had been prevented from defending against his wife's divorce action by reason of unavoidable casualty or misfortune as defined by the rule. ·

A review of the record makes this clear. The trial court refused to rule as a matter of law on three occasions—once on a motion to dismiss and two times on motions for directed verdict. We believe this is significant in understanding how the case was treated by the trial court. Furthermore the order denying the petition makes several references to the evidence introduced; it denies, rather than dismisses, the petition; and it states the mental condition "as sought to be used here" does not come within the definition of unavoidable casualty or misfortune under the rule.

It must be remembered, too, defendant's petition claims only that he "did not react normally or responsibly" to his wife's divorce petition and that he did not "properly" represent himself or "protect his interests" because he was "indifferent" and "under severe mental and emotional strain."

According to the evidence, this condition resulted from medication administered at the Mental Health Institute, where he was a voluntary patient shortly because the divorce decree was entered, and from his anxiety and depression over the breakdown of his marriage.

■ Defendant was offered a full hearing on this claim. He introduced consider-able evidence, and plaintiff introduced opposing evidence. Thereafter the trial court found the evidence did not bring his claim within the terms of rule 252(e). We believe this was a finding that the facts did not entitle defendant to the relief on the ground of unavoidable casualty or misfortune.

II. In view of our finding on defendant's first assignment, it is necessary we consider his second claim that the court should have found he had established his right to a modification under the evidence.

■ Our review is not de novo, but on assigned errors. The trial court's findings have the effect of a jury verdict. Claeys v. Moldenschardt, 260 Iowa 36, 39, 40, 148 N.W.2d 479, 482 (1967); Windus v. Great Plains Gas, 255 Iowa 587, 593, 122 N.W.2d 901, 905 (1963). Such findings are binding on us if there is substantial evidence to support them; or, as it is sometimes put, we reverse only for an abuse of discretion. Claeys v. Moldenschardt, supra, 260 Iowa at page 45, 148 N.W.2d at page 485.

■ Defendant had the burden to show he was prevented from defending this action by reason of unavoidable casualty or misfortune, which we have defined as follows:

"* * * Unavoidable casualty or misfortune means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing something that, except therefor, would have been done, and does not include mistakes or errors of judgment growing out of misconstruction or misunderstanding of the law, or the failure of parties or counsel through mistake to avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune. * * *"

This definition is taken from the Claeys case. (See 260 Iowa at 43, 148 N.W.2d at page 483). A similar one appears in Win-

dus v. Great Plains Gas, supra, 255 Iowa at 595, 122 N.W.2d at page 906.

█ We find there was ample support for the trial court's conclusion defendant had not shown such unavoidable casualty or misfortune.

In the first place, while defendant did not defend against the entry of a divorce decree, he did not permit the matter to go by default until a stipulation had been negotiated and executed by him and his wife, each assisted by counsel. The stipulation dealt extensively with custodial and property rights, the only matters which the defendant now seeks to modify. Defendant and his counsel participated actively in these negotiations, although the parties disagree as to the extent of that participation. There is also evidence—disputed—that the ultimate agreement embodied many of defendant's own suggestions after earlier overtures had been rejected by him. At all times defendant was represented by counsel, who assisted in the preparation of the stipulation which was ultimately agreed to. It is difficult under such circumstances to find defendant was prevented from defending by unavoidable casualty or misfortune.

It may be conceded that defendant made a bad bargain. Perhaps he agreed to conditions then which he regrets now; but rule 252 is not designed to permit litigants a second guess. There is substantial evidence defendant's decision not to defend the divorce action came only after he had obtained by stipulation what he then considered to be satisfactory terms.

We find substantial support for the trial court's finding that under the evidence defendant's mental condition "as sought to be used here" does not come within the definition of unavoidable casualty or misfortune. There was no abuse of discretion in the trial court's refusal to allow a modification of the decree on the ground urged. The order is, accordingly, affirmed.

Affirmed.