In re the MARRIAGE OF Donna S. THOMPSON and Lowell E. Thompson.

Upon the petition of Donna S. THOMPSON, Appellee,

v.

and Concerning Lowell E. THOMPSON, Appellant.

No. 61420.

Supreme Court of Iowa.

Feb. 21, 1979.

Michael E. Runyon, Des Moines, for appellant.

Keith E. Uhl, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, ALLBEE and McGIVERIN, JJ.

McGIVERIN, Justice.

The controlling question in this appeal is whether a dissolution case respondent, who was properly served with an original notice and was present at a temporary support hearing but did not otherwise appear, answer or defend, is entitled to timely notice of the trial date pursuant to rules 82(a) and (f), and 120, R.C.P. The trial court ruled respondent was not entitled to trial notice. We affirm.

I. *Background.* Petitioner Donna S. Thompson filed a petition in Polk County district court for dissolution of the marriage existing between her and respondent Lowell E. Thompson. The petitioner also asked for custody of their minor child, temporary and permanent support, property division and attorney fees. On September 22, 1975 Lowell was served with an original notice and attached copy of the petition which required him to appear before the court within 20 days after service. The notice directed that, unless he so appeared, default would be entered and judgment or decree rendered against him for the relief demanded in the petition.

According to his later testimony, Lowell also received a separate order to appear on September 29 for a hearing on temporary child support. He was present and participated in the hearing on the scheduled date without counsel. On September 30 a temporary allowance order was entered.

Thereafter, Lowell made no appearance in person or by counsel, did not move or plead, file a financial statement, or participate in a court ordered conciliation screening interview.

On February 5, 1976 the court administrator entered an order setting the case for trial on February 17 at 9:00 a. m. Although the order provided that a copy be mailed to Lowell he did not receive a copy of the order until the afternoon of February 17. The postmark indicated the order was not mailed until February 16.

When Lowell failed to attend the trial, Donna proved up on the petition and a default decree was entered on February 17.

There is some evidence that Lowell had been in contact with Legal Aid during the dissolution action. Due to his income, however, he was not eligible for legal aid services. After the belated trial notice, he was advised by Legal Aid to employ his own attorney and get back into court. However, he took no other action at that time. Since the trial time had passed, Lowell testified he believed the trial would "probably just be postponed again." This was the fifth dissolution petition Donna had filed.

Sometime in April 1976 Donna called Lowell asking why he was not paying child support under the dissolution decree. Lowell claimed he then became aware of the dissolution, went to the courthouse and obtained a copy of the decree.

Thereafter, Lowell retained private counsel to represent him. Nothing further was done until May 28, 1976 when respondent's attorney filed a petition under rules 252 and 253, R.C.P., to set aside or modify the decree.

Respondent's petition alleged under rule 252(a) and (b), R.C.P., the default judgment occurred because of mistake, neglect or omission by the clerk of court and irregularity practiced in obtaining judgment in that: a) the February 5, 1976 order setting trial for February 17 directed that a copy be mailed to respondent but did not direct that the mailing be so as to be received by respondent before the trial date; and b) the order was not delivered to respondent until after the trial. Respondent's petition further alleged under rule 252(e), R.C.P., the default occurred because of unavoidable casualty in that respondent did not receive notice of the date of the hearing until after the decree was entered. Respondent contends he was thereby precluded from defending the suit.

Petitioner answered that respondent never appeared or defended in response to the original notice and, consequently, there was no duty or obligation of the court to serve notice on respondent of any further proceedings.

After evidentiary hearing, the court dismissed respondent's petition to set aside the decree on November 22, 1977. The court stated respondent had not appeared as directed in the original notice. The court further concluded:

that R.C.P. 252 and R.C.P. 253 are not applicable. Respondent was in default for want of an appearance, answer or other pleading. It was not necessary to furnish further notification of a trial date. The respondent's failure to appear

was not attributable to petitioner practicing any irregularity or fraud. No unavoidable casualty or misfortune prevented respondent from defending the action.

On appeal, Lowell contends trial court erred in that:

1) he had a right to receive timely notice of the trial date because he had entered a general appearance in the case, and

2) the notice of the trial date did not reach him before the trial and prevented his attendance at trial, which was an unavoidable casualty or misfortune under the rule 252, R.C.P.

II. *Disposition.* The dispositive question is whether Lowell ever appeared as directed in the original notice. He contends his "appearance" at the temporary support hearing on September 29, 1975 was a general appearance which entitled him to be served with all later court papers pursuant to rules 82 and 120, R.C.P. From this premise he argues the untimely notice violated those rules, thereby creating grounds to set aside the default under rules 252 and 253.

To resolve the issue we must consider the relevant rules and statutes bearing on the problem.

Rule 65, R.C.P., in effect in 1975, provides:[1]

A general appearance is any appearance except a special appearance. It is made by:

(a) Taking any part in a hearing or trial of the case, personally or by attorney;

.   .   .   .   .

On the assumption that he entered a general appearance under rule 65(a) by "taking . . . part in a hearing . . . of the case, personally," Lowell argues he was entitled to prompt mailing or delivery of a copy of the February 5, 1976 order under the language of the order itself and rule 120, R.C.P. Rule 120 provides:

A judge may enter judgments, orders or decrees at any time after the matter has been submitted effective when filed

---

1. Rule 65, R.C.P. was amended, effective July 1, 1976, to completely change its wording.

with the clerk, regardless of where signed. The clerk shall promptly mail or deliver notice of such entry, or copy thereof, *to each party appearing,* or to one of his attorneys. (Emphasis added.)

Although respondent only cites rule 120, rules 82(a) and (f), also require service of case papers on parties who are not "in default for failure to appear." [2]

■ The flaw in respondent's argument lies in the initial proposition that he has generally appeared. Respondent has completely overlooked § 598.11, The Code, 1975, relative to the status of a respondent appearing at a hearing on temporary support. Section 598.11 states in relevant part:

The court may make such an order when a claim for temporary support is made by the petitioner in the petition, or upon application of either party, after service of the original notice and when no application is made in the petition; however, no such order shall be entered until at least five days' notice of hearing, and opportunity to be heard, is given the other party. *Appearance by an attorney or the respondent for such hearing shall be deemed a special appearance for the purpose of such hearing only and not a general appearance.* (Emphasis supplied.)

Section 598.11 makes clear "appearance" at a temporary support hearing is for a limited purpose and will not substitute for a general appearance.[3]

While we do not accept respondent's argument that he has generally appeared, it is evident neither rule 120 nor rules 82(a) and (f) literally require a general appearance. Rule 120 directs notice to "each party appearing" and rules 82(a) and (f) direct service on parties "not in default for failure to appear." Neither rule specifies the party must have generally appeared to trigger the respective notice and service provisions. We believe, nevertheless, a general appearance is a necessary prerequisite to the notice and service provisions of these rules.

■ We have previously held that an appearance is required to trigger the notice provisions of rule 120, although we did not specify the type of appearance which is necessary. *Claeys v. Moldenschardt,* 260 Iowa 36, 40–44, 148 N.W.2d 479, 484 (1967). We believe the purpose underlying both rules 120 and 82 is to assure parties participating in the case are provided notice of all judgments, orders or decrees and copies of all relevant court papers. Parties who have appeared only for a limited purpose and have not generally appeared, however, have not demonstrated that they are participating in the disposition of the case. In these circumstances, we do not believe the requirements of notice and service under rules 120 and 82 are applicable. Therefore, we hold that respondent's appearance or presence at the September 29, 1975 temporary support hearing was not a general appearance which would entitle him to a

---

**2.** Rule 82(a), R.C.P., provides:

Service and filing of pleadings and other papers.

(a) When service required. Everything required by these rules to be filed, *every order required by its terms to be served,* every pleading subsequent to the original petition unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every similar paper shall be served upon each of the parties. *No service need be made on parties in default for failure to appear* except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of original notice in rule 56.1. (Emphasis supplied.)

Rule 82(f), R.C.P., provides:

(f) Notice of orders or judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the order by mail in the manner provided for in rule 82 *upon each party who is not in default for failure to appear,* and shall make a note in the docket of the mailing. (Emphasis supplied.)

**3.** Despite utilization of the term "special", appearance at a temporary support hearing is not a "special appearance" within the usual meaning of Iowa law. A special appearance is an appearance for the sole purpose of challenging jurisdiction and must be in writing. Rule 66, R.C.P.; *Vogel v. Vogel,* 271 N.W.2d 709, 710 (Iowa 1978); *DeCook v. Environmental Sec. Corp., Des Moines,* 258 N.W.2d 721, 725 (Iowa 1977).

copy of the trial notice order under either rule 120 or rules 82(a) and (f).

Even though the February 5, 1976 court administrator's order provided that a copy be mailed to respondent, he was not entitled to mailing of the order because he was "in default for failure to appear." Cf. *Kreft v. Fisher Aviation, Inc.,* 264 N.W.2d 297, 302 (Iowa 1978) (non-appearing defendant not entitled to receive copies of papers filed by other defendants in the case). Although an order may require by its terms that it be served, rule 82(a) states no service need be made on parties in default for failure to appear. Cf. *Claeys v. Moldenschartdt, id.,* 260 Iowa at 43–44, 148 N.W.2d at 484 (non-appearing defendant not entitled to notice of default proceedings, despite court ordered service).

We note that even if respondent's presence at the temporary support hearing were deemed a general appearance, he would have been in default for failure to move or plead. *Dealers Warehouse Co. v. Wahl & Associates,* 216 N.W.2d 391, 393–394 (Iowa 1974); Rule 87, R.C.P.; Rule 230, R.C.P.

Because we decide respondent made no general appearance in response to the original notice and dissolution petition and conclude he was not entitled to notice of the February 17, 1976 trial date, our holding as to respondent's first claimed error is dispositive of this appeal and we do not reach his second assignment. The grounds alleged in respondent's rule 252–253 petition and assignments of error are without merit.

The trial court was right in dismissing Lowell's petition to set aside or modify the decree. The case is affirmed.

AFFIRMED.