Russell G. MISHLER, Appellee,

v.

Cecil STOUWIE and Carl VanderWal, Appellants,

Greg Harrison, Defendant.

No. 63958.

Supreme Court of Iowa.

Feb. 18, 1981.

Gerald A. LoRang of Miller & LoRang, Nevada, for appellants.

Barry Minear of Swift, Minear & Hansen, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., UHLENHOPP, HARRIS, ALLBEE and McGIVERIN, JJ.

ALLBEE, Justice.

Defendants Cecil Stouwie and Carl VanderWal appeal from trial court's judgment dismissing their petition to vacate a default judgment rendered against them. Our review having revealed no error, we affirm that judgment.

This action was originally predicated upon a promissory note made by Stouwie, VanderWal and their codefendant, Greg Harrison, and given to plaintiff Russell G. Mishler as part of the consideration of a contract for the purchase of the assets and goodwill of plaintiff's sanitation business. The promissory note, dated April 1, 1976, was in the amount of $25,000, representing that portion of the purchase price not paid in cash. Each of the three defendants signed the note, which recited that each signer as principal, jointly and severally, promised to pay the sum of the note on terms provided in the note. The three defendants subsequently formed a corporation known as Ankeny Garbage Services, Inc. Later, on September 14, 1976, Stouwie and VanderWal sold their respective interests in that corporation to Harrison, who in turn

purported to release them from any business related liability.

On December 12, 1977, plaintiff filed a petition alleging default in the payments on the promissory note and seeking judgment against the three defendants for the remaining balance of $20,878.33. Defendant Harrison timely filed an answer and counterclaim. Stouwie and VanderWal, however, neither appeared nor filed a motion or answer, and on January 27, 1978, defaults were entered and judgment was rendered against them for the sum claimed. *See* Iowa R.Civ.P. 230–232 (defaults and judgment thereon).

Stouwie and VanderWal filed the petition to vacate the default judgment on April 21, 1978, relying upon Iowa R.Civ.P. 252.[1] As indicated at the outset, that petition was denied and this appeal followed.

Briefly stated, the issues presented for review by Stouwie and VanderWal are whether trial court erred (1) in entering judgment by default against two of the three makers of the promissory note when the third, Harrison, had pleaded a defense to plaintiff's right to recover; (2) in finding that the defaults did not result from unavoidable casualty or misfortune; (3) in concluding that the sixty day limitation period of Iowa R.Civ.P. 236 does not result in an unconstitutional denial of equal protection; (4) in finding that plaintiff was not a party to the Stouwie, VanderWal and Harrison agreement of September 14, 1976; and (5) in concluding that they failed to show that they had a meritorious defense to plaintiff's action.

■ I. Initially Stouwie and VanderWal contend trial court erred in entering a default judgment against them because defendant Harrison had interposed a defense which they state "goes to the right of plaintiff to recover against any of the partners or the partnership." Nevertheless, what they claim to be a defense to plaintiff's

right of recovery is in actuality pleaded as a counterclaim by Harrison, and not defensively. In that counterclaim, Harrison alleges the breach by plaintiff of a noncompetition provision contained in the contract of purchase of the sanitation business; Harrison further alleges that because of the breach he is entitled to monetary recompense. As pleaded, Harrison's allegation of breach is only a claim which, if successful, could offset his liability on the note; it is not pleaded as a defense which, as Stouwie and VanderWal urge, goes to the validity or enforceability of the obligation.

Moreover, the authorities cited by Stouwie and VanderWal in this connection pertain solely to principles of partnership and contract law, and are inapposite here. We are concerned in this case with the liability of makers of a promissory note, thus implicating the Uniform Commercial Code. Ch. 554, The Code 1979. Consequently, we must consider the application of that statute to the circumstances at hand.

■ The district judge who entered the default judgment was confronted with a petition demanding judgment for the balance due on the promissory note, a record reflecting service of process upon these two defendants and the lack of any appearance, motion or answer in their behalf. When presented the promissory note, the judge was obliged to presume the signatures of Stouwie and VanderWal were genuine or authorized. §§ 554.3307(1)(b) (unless specifically denied each signature on an instrument is admitted and presumed to be genuine or authorized); 554.1201(31) (defining "presumed" as meaning "that the trier of fact must find the existence of the fact presumed unless and until evidence is introduced which would support a finding of its nonexistence"); *see Metropolitan Mortgage Fund, Inc. v. Basiliko,* 44 Md.App. 158, 164–65, 407 A.2d 773, 777–78 (Ct.Spec.App.1979), aff'd, —— Md. ——, 415 A.2d 582 (1980). In

---

1. Rule 252 provides in pertinent part:
   Upon timely petition and notice under rule 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds:

   . . . .

   (e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;

   . . . .

addition, the judge could take into account that by law "[u]nless the instrument other-wise specifies two or more persons who sign as maker . . . as part of the same transaction are jointly and severally liable. . . ." § 554.3118(e); *see Hubert v. Lawson,* 146 Ga.App. 698, 698–99, 247 S.E.2d 223, 224 (1978); *Ghitter v. Edge,* 118 Ga.App. 750, 752–53, 165 S.E.2d 598, 600 (1968); *Caldwell v. Stevenson,* 567 S.W.2d 278, 279 (Tex.Civ. App.1978). *See also* J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 13–7, at 499–500 (1972). As previously related, the note here was signed by Stouwie, VanderWal and Harrison, and stated that each signed as principal and that they jointly and severally promised to pay the note. In view of the foregoing factors, the judge had no cause to decline to enter the defaults and judgment against Stouwie and VanderWal prior to an adjudication of the action against Harrison and of his counterclaim, and we find no error at this juncture.

▉ II. The next issue relates to trial court's determination that Stouwie and VanderWal failed in their burden of establishing that they were prevented from defending plaintiff's action because of unavoidable casualty or misfortune, as alleged in their petition to vacate the default judgment. *See* Iowa R.Civ.P. 252(e). Several familiar principles apply to our examination of this issue. We accord the trial court considerable discretion in determining whether to grant relief when vacation of a judgment is sought, and we are more reluctant to find an abuse of discretion when relief has been granted than when it has been denied. *Kreft v. Fisher Aviation, Inc.,* 264 N.W.2d 297, 303 (Iowa 1978). Nonetheless, our review of a trial court adjudication

under Iowa R.Civ.P. 252 is on assigned errors; it is not de novo. The trial court's findings of fact have the effect of a jury verdict, and those findings are binding on us if there is substantial evidence to support them. *Lemke v. Lemke,* 206 N.W.2d 895, 897 (Iowa 1973).

In this case it is not disputed that Stouwie and VanderWal were each served with an original notice of the commencement of action by plaintiff. Nor do they dispute their failure to appear and defend; they, however, seek to excuse that failure. Because more than sixty days had elapsed from entry of the default judgment at the time these defendants became aware of its entry, the judgment could not be set aside on grounds delineated in Iowa R.Civ.P. 236.[2] *See Kreft,* 264 N.W.2d at 301–02. Hence the filing of a petition pursuant to rule 252.

With their petition to vacate the default judgment, Stouwie and VanderWal attached supporting affidavits and tendered an answer to plaintiff's petition. *See* Iowa R.Civ.P. 253(a).[3] The proposed answer denied the petition's material allegations and raised as an affirmative defense the assertion that Harrison, when purchasing their interests in Ankeny Garbage Services, had assumed all the liabilities of that business, including the debt evidenced by the promissory note involved here. The affidavits of Stouwie and VanderWal contained assertions of these same facts. They further declared in those affidavits that upon receiving service of plaintiff's original notice on about December 15, 1977, they each attempted to contact Harrison; failing to reach him, each spoke to Harrison's mother, who told both of them not to worry, that their interests would be protected by Harrison. Neither Stouwie nor VanderWal al-

---

**2.** Rule 236. Setting aside default. On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation.

**3.** Rule 253(a) provides in relevant part:

A petition for relief under rule 252 must be filed in the original action within one year after the rendition of the judgment or order involved. It shall state the grounds for relief. . . . Unless the pleadings in the original action alleged a meritorious action or defense the petition shall do so. It shall be supported by affidavit as provided in rule 80"*b*".

leged that he did anything more to ensure that his interests were in fact protected.

According to their petition to vacate the default judgment, these defendants first became aware of the default judgment against them when, on April 17, 1978, they were served with notice of garnishment upon the bank account of the business they then operated. They also alleged a lack of notice from the district court clerk of the default judgment, as provided in Iowa R.Civ.P. 233.[4] *See Kreft*, 264 N.W.2d at 300–01.

On January 22, 1979, following a hearing held at an earlier date, trial court entered judgment dismissing the petition to vacate the default judgment. Stouwie and VanderWal then filed motions to enlarge or amend the court's findings and conclusions and to reopen the case for further evidence. After permitting an evidentiary hearing, trial court on June 27 confirmed its prior determination that these defendants had failed to establish that they were prevented from defending plaintiff's action because of unavoidable casualty or misfortune.

■ Stouwie and VanderWal had the burden of showing trial court that they were prevented from defending plaintiff's action by reason of unavoidable casualty or misfortune, the grounds provided in rule 252(e). *Lemke*, 206 N.W.2d at 897. Those grounds were defined in *Claeys v. Moldenschardt*, 260 Iowa 36, 43, 148 N.W.2d 479, 483–84 (1967), thusly:

> [U]navoidable casualty or misfortune means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing something that, except therefor would have been done, and does not include mistakes or errors of judgment growing out of misconstruction or misunderstanding of the law, or the failure of parties or counsel through mistake to

avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune.

In *Claeys* this court also reiterated that [d]efaults occurring through negligence or carelessness on the part of the judgment defendant or his attorney will not, of course, be set aside, for the law rewards the diligent, and not the careless. Moreover, one who, through carelessness or inattention to duty, brings misfortune upon himself, will not, as a rule, be heard to complain.

*Id.* at 43, 148 N.W.2d at 484 (quoting *Windus v. Great Plains Gas*, 255 Iowa 587, 595, 122 N.W.2d 901, 906 (1963)).

Here, Stouwie and VanderWal have shown nothing more than their reliance upon the word of Harrison's mother that their interests would be protected. Under similar circumstances, this court has previously affirmed the denial of relief under rule 252. *Jacobson v. Leap*, 249 Iowa 1036, 1041–42, 88 N.W.2d 919, 922–23 (1958). In *Jacobson*, the owner of a truck had leased it to another party who agreed to be responsible to third persons for any damage due to the truck's operation. After receiving an original notice of suit founded upon a collision involving the truck, the owner notified the lessee's attorney and business manager and asked him to arrange a defense. Upon being advised that such arrangements would be made, the owner there, like defendants here, gave the matter no further attention until he learned of the default and judgment which had been entered against him. The *Jacobson* court declined to find that the reliance in that situation would justify vacating the default and judgment pursuant to rule 252. In the case at hand, the reliance of Stouwie and VanderWal, based merely upon assurances from Harrison's mother, provides even less reason for vacating a default judgment than the reliance in *Jacobson*. We are compelled

---

4. Rule 233. Notice—notice of default in certain cases. When any judgment other than one in rem has been taken by default against a party served with notice delivered to another person as provided in rule 56.1"a", the clerk shall immediately give written notice thereof, by ordinary mail to such party at his last known address, or the address where such service was had. The clerk shall make a record of such mailing. Failure to give such notice shall not invalidate the judgment.

to conclude that trial court did not abuse its discretion in finding that they failed to establish the grounds required in order to gain the relief asked in their petition to vacate.

III. Stouwie and VanderWal further contend the requirement of Iowa R.Civ.P. 236 that motions to set aside default judgments must be filed within sixty days from the date of judgment entry is unconstitutional. They argue that this sixty day limitation arbitrarily creates two classes of defendants against whom default judgments have been entered: those in situations where execution on the default is issued prior to the expiration of the limitation period and those involved in cases where no execution is issued until after the sixty days have elapsed. Due to this distinction, the latter class of defendants will be unable to utilize rule 236 when seeking relief from default judgments, and consequently will have no alternative other than to proceed under Iowa R.Civ.P. 252, where a successful challenge is more difficult. As a result, Stouwie and VanderWal assert, the sixty day period of rule 236 constitutes a denial of the equal protection guarantees of both the United States and Iowa Constitutions.

■ We note initially that the classifications complained of by Stouwie and VanderWal are at most merely an indirect result of the limitation contained in rule 236. Moreover, whether execution is issued within the sixty day period will as a practical matter be of minimal consequence in connection with challenges to default judgments; defaulting defendants will usually have been apprised of the entry of default judgment by the clerk of court. *See* Iowa R.Civ.P. 233. Even assuming the differences complained of to be "classifications" for purposes of equal protection analysis, we find no constitutional deficiency in the limitation period of rule 236. There is no requirement all must be treated alike in order to satisfy equal protection standards; a classification need only be rationally related to a legitimate state interest, and not patently arbitrary. *Kreft v. Fisher Aviation, Inc.,* 264 N.W.2d 297, 301 (Iowa 1978).

The sixty day limitation period of rule 236, and the complained of classifications which indirectly result therefrom, are rationally related to the legitimate state interests in the finality of judgments and the efficient and effective administration of justice, and are not patently arbitrary. We find no denial of equal protection here.

■ IV. Also assigned as error is trial court's finding that plaintiff was not a party to the Stouwie, VanderWal and Harrison agreement of September 14, 1976, by which Stouwie and VanderWal sold their respective interests in Ankeny Garbage Services to Harrison. While the record indicates that plaintiff was aware of Harrison's purchase of Stouwie's and VanderWal's interests, there is no evidence that plaintiff was either an actual party to the transaction or that he agreed to release Stouwie and VanderWal from liability under the promissory note in issue. Absent establishing a novation, *see, e.g., In re Estate of Eitzen,* 231 Iowa 1169, 1175–76, 3 N.W.2d 546, 549–50 (1942) (essentials of novation), or evidence of the release of the obligation, *see, e.g., Wade & Wade v. Central Broadcasting Co.,* 227 Iowa 422, 426, 288 N.W. 439, 441 (1939), the three makers of the note remained jointly and severally liable to plaintiff. We conclude that trial court's finding has a substantial evidentiary basis.

V. Stouwie and VanderWal lastly contend trial court erred in concluding they had failed to demonstrate a meritorious defense to plaintiff's action. *See* Iowa R.Civ.P. 253(a). As determined in division II, however, Stouwie and VanderWal were not prevented from defending plaintiff's action because of unavoidable casualty or misfortune, *see* Iowa R.Civ.P. 252(e), and therefore have established no basis upon which the default judgment could be vacated. As a result, the question of whether they possessed a meritorious defense to plaintiff's action is no longer of consequence in this case, and we need not pass upon trial court's resolution of the issue.

Having found no error, trial court's judgment is affirmed.

AFFIRMED.