CITY OF DES MOINES,
Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.

Nos. 87–947 to 87–949.

Supreme Court of Iowa.

Aug. 17, 1988.

Ivan T. Webber, Des Moines, for plaintiff.

Thomas J. Miller, Atty. Gen., and Gordon Allen and Kathy Mace Skinner, Asst. Attys. Gen., for defendant.

Considered by SCHULTZ, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

The city of Des Moines has brought this original certiorari action to test the legality of a district court's failure to enter default judgments in three civil cases involving alleged housing code violations. While we are not insensitive to the frustrating delay that prompted the city's action, neither are we persuaded that it has met its burden of proving the court acted unlawfully. Accordingly, we annul the writ.

## I. *Background.*

This controversy focuses on proceedings in three cases, all triable in equity, assigned to the same district court judge. Each involved the city's effort to enforce its municipal housing code by seeking abatement of certain nuisances and structural violations allegedly threatening the public health and safety. *See* Iowa Code § 364.17 (1985) (authorizing municipalities to adopt and enforce housing codes). For ease of identification, each case shall be referred to by the surname of the property's record title holder—Pickett, Estes, or Williams.

Petitions in each case were filed over a period spanning late 1986 to early 1987. Each defendant was either served personally, or by substituted service in purported compliance with Iowa Rule of Civil Procedure 56.1. When none of the named defendants appeared or answered, the city orally moved for default, tendering proposed decrees to the court in March and April 1987.

The relief sought in the Pickett case included immediate removal of debris, or, failing action by the landowner, an order for the city to enter the premises to remove the debris and charge the cost thereof to Pickett. In Estes, the proposed order demanded that the premises be vacated and the structure removed, "leveling the ground upon which it stands," no later than ten days from receipt of the decree. In the Williams case, where the city had originally sought to enjoin occupancy until certain repairs were made, the premises had since been vacated. Therefore, the proposed order merely assessed $157 for the costs of the action.

Before entering judgment, the district court insisted that notice of the proposed defaults be given to the defendants in each case. The court rescheduled hearing on the proposed decrees for late April and the clerk of court mailed each party notice of hearing. Though we have no record of those hearings, it is clear that the court again declined to enter the proposed orders. Instead, it took the matters under advisement.

On June 5, the city filed "Motion[s] Requesting Rulings" in all three cases. Forty-five days later, when no rulings were forthcoming, the city petitioned this court for writ of certiorari. In apparent response to that action, the district court set the city's "Motion[s] Requesting Rulings" for hearing on August 21, 1987, and asked this court to delay ruling on the petition for writ of certiorari pending outcome of the hearing. We concurred in that procedure by order dated August 13.

There exists no record of the August 21 hearing, but the ruling the court entered reveals a lack of cooperation between the court and counsel for the city that has continued to stymie resolution of these cases. Despite our August 13 order, the city apparently resisted the court's authority to further consider these matters and refused to give notice of the hearing to Pickett, Estes, or Williams. It stood on its demand that the court enter the orders previously tendered. In response, the court finally articulated its dissatisfaction with the jurisdictional prerequisites in each of the cases. To more fully explain the court's rationale, we will briefly detail the court's order as to each of these three actions.

In Pickett, the court noted "media reports indicat[e] that ... both defendants are physically handicapped and that their infirmities should be explained and explored before the proposed Decree is decided for or against them." Regarding the Estes matter, the court observed that Dennis Taylor had apparently been served as personal representative of the Estes estate,

but that "the Court is desirous of information explaining the necessity of different service on different dates to different persons and information regarding Taylor's current capacity ... along with the current status of said Estate; ...." Finally, the court refused to enter judgment for costs in the Williams matter, noting that "the Defendant herein is identified as 'Shirley J. Williams, a/k/a Shirley J. Rice,' and this caption appears at the top of the Affidavit of Service; however, the Notice, Petition, Inspection Report, and Affidavit were served on 'Shirley J. Williams, a/k/a Shirley J. McFarland'; and the court is desirous of clearing up this inconsistency,...."

The record reveals no further attempt by the city to satisfy the court's questions. Instead, the city renewed its certiorari petition which, having been granted, is now before us. The primary issue is whether the court has acted illegally by its continuing refusal to enter judgment against the defaulting defendants. The city also questions the legality of the court's requirement that the city give additional notice of hearing on default in the Pickett and Williams cases. At the outset, however, we are faced with two preliminary issues: (1) whether certiorari will lie to test the legality of a court's refusal to enter default; and (2) whether the city's petition for writ of certiorari was timely filed.

## II. *Is Certiorari the Appropriate Remedy?*

■ Under Iowa Rule of Civil Procedure 306, certiorari may furnish a remedy when an inferior tribunal exercising judicial functions exceeds its proper jurisdiction or otherwise acts illegally. *State v. Gaffney,* 237 Iowa 1399, 1403–04, 25 N.W.2d 352, 354 (1946). Here, the city's challenge is based on the premise that the district court illegally denied its requested entry of default judgment. Because the city has characterized that act as compulsory, the court asserts that the action sought is purely ministerial, not "judicial," and therefore

not subject to review by way of certiorari. We cannot agree.

■ Assuming *arguendo* that the defendants were all in default,[1] the next procedural step upon which the city relies provides that, upon motion of the prevailing party, the court "shall order the judgment *to which he is entitled.*" *See* Iowa R.Civ. P. 232(b) (emphasis added). Significantly, the rule does not provide for automatic entry of the judgment that plaintiff has claimed. In other words, an element of discretion is clearly implicated in those cases in which the claim is not for a sum certain, determinable by the clerk. *Compare* Iowa R.Civ.P. 232(a) *with id.* 232(b) ("[t]he court may ... either hear any evidence or accounting required to warrant the judgment or refer it to a master; or submit it to a jury ...") Thus, the question is whether, in the case before us, the court abused that discretion and acted illegally by arbitrarily denying the default judgments. So framed, certiorari is the proper vehicle for challenging the court's decision.

Next, we turn to the court's defense of untimeliness. Under the court's view of the facts, either the city is premature for having petitioned this court before a final ruling had been entered, or the city is tardy for not having commenced the action within thirty days from the first time a proposed default decree was tendered in each case.

■ We addressed a similar contention in *State v. Gaffney,* 237 Iowa at 1405–07, 25 N.W.2d at 354–56. There we held that the illegal act charged—the court's refusal to set a criminal case for trial—was of a continuing nature, entitling the State to relief irrespective of the fact that the right could have been asserted sooner. *Id.* As in *Gaffney,* the continuing nature of the district court's inaction here, if illegal at all, will not support a defense that the city has not pursued its remedy within the stat-

---

1. Iowa Rule of Civil Procedure 230(a) provides:
   A party shall be in default whenever that party: (a) fails to serve, and within a reasonable time thereafter file, a motion or answer as required in R.C.P. 53 or 54, or, has appeared, without thereafter serving any motion or pleading as stated in R.C.P. 87.
   Iowa R.Civ.P. 230(a) (1987).

utory time limits. *See* Iowa R.Civ.P. 319 (petition must be filed within thirty days from time tribunal acts illegally). We therefore proceed to a consideration of the merits of the city's petition.

### III. *Has the Court Acted Illegally?*

■ Certiorari is an action at law and our review is limited to determining whether the district court properly applied the law to the controversy before it. *See Des Moines Register & Tribune Co. v. Iowa Dist. Court*, 426 N.W.2d 142, 143 (Iowa 1988); *Patterson v. Keleher*, 365 N.W.2d 22, 24 (Iowa 1985); *Bevers v. Kilburg*, 326 N.W.2d 902, 904 (Iowa 1982). The burden is upon the city to prove the illegality alleged; "[t]he fact that a different or opposite result may have been fully justified by the record is of no importance. A trial de novo is not ordinarily permitted on certiorari." *Carstensen v. Board of Trustees*, 253 N.W.2d 560, 562 (Iowa 1977) (citations omitted). In other words, we can sustain the writ before us only if we find as a matter of law that the district court had jurisdiction over the named defendants in these housing code actions and that the court had no other valid basis for denying the city's requested default judgments.

■ Central to the city's argument is its claim that, in the absence of appearance or answer by any of the defendants, the court was without discretion to deny the judgments sought. The claim rests on the faulty premise that the court had no right or grounds to question the returns of service tendered by the city as the basis for entry of default. To the contrary, even though the court's delay in voicing its objections borders on inexcusable, its reluctance to enter defaults until assured of jurisdiction was entirely proper. *See Peralta v. Heights Medical Center, Inc.*, 485 U.S. ——, ——, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75, 81–82 (1988) (judgment entered without notice or service is constitutionally infirm under due process clause of fourteenth amendment). Without jurisdiction, the court would have no authority to enter default; entry of default is a prerequisite to entry of default judgment. *See* Iowa R.Civ.P. 230, 232; 47 Am.Jur.2d *Judgments* § 1153 at 185 (1969) (entry of default does not constitute judgment, but rather precludes defaulting party from defending on issue of liability); *cf.* Fed.R. Civ.P. 55 (1982).

■ We cannot say as a matter of law that the court abused its discretion by questioning the service here. We have repeatedly stated that entry of default is largely within the discretion of the trial court, consistent with the policy favoring trial of actions on the merits. *Kohorst v. Iowa State Commerce Comm'n*, 348 N.W. 2d 619, 623 (Iowa 1984); *Johnson v. Gib's Western Kitchen*, 338 N.W.2d 872, 874 (Iowa 1983); *Avery v. Peterson*, 243 N.W. 2d 630, 631–32, 634 (Iowa 1976). Applying this rule to the present case, we first address the city's complaint that the court erroneously considered extrajudicial news accounts of the Picketts' plight.[2] In view of the court's duty to determine that a party in default is "not under legal disability," *see* Iowa R.Civ.P. 231, we think an inquiry regarding the Picketts' status was justifiable. Nor can we find fault in the court's concern for the identity of the proper defendant in the Williams' matter, or the current status of a Minnesota estate open more than four years in the Estes case.

■ Claiming the court's concern for these defendants exceeded the bounds of its discretion, the city cites *Windus v. Great Plains Gas*, 255 Iowa 587, 122 N.W. 2d 901 (1963) where, in response to a plaintiff's attempt to vacate a dismissal, we said:

> The rule that courts favor trials on the merits should be qualified to read that courts favor *expeditious* trials on the merits, *under settled rules of procedure*. It should not be stretched to the point where a judgment will be vacated when the petitioner, through his counsel, has ignored plain mandates of the rule

---

2. We note that the city has included, as an exhibit in these certiorari proceedings, a Des Moines Register article dated Friday, July 10, 1987, which reports that Ed Pickett, age 68, "has been blind since 1971" and his mother Laura, age 88, is "almost blind."

with ample opportunity to abide by them. To do so would be to abrogate the rule and to reward negligence or inattention. *Id.* at 600, 122 N.W.2d at 909. Had the city made any attempt to satisfy the district court that service upon Pickett, Williams, or Estes was complete, the court's failure to enter default judgments might be construed as inequitably rewarding the defendants for negligence or inattention, the evil we sought to avoid in *Windus*. But the city has resisted the court's efforts to move forward with these actions, despite ample opportunity to re-serve the defendants if necessary, answer the court's questions, or otherwise comply with its orders. From its recalcitrance below, through the pursuit of certiorari in this court, the city has engaged in counterproductive conduct that we are similarly disinclined to reward. Its reliance on *Windus* is misplaced.

Finally, we address the city's complaint that by requiring additional notice to Pickett and Williams prior to default, the court went beyond the notice required by the rules of civil procedure and hence acted illegally. The city correctly asserts that there is no *requirement* that "notice of hearing be given anyone prior to entry of default judgment where there has been personal service of original notice." *Claeys v. Moldenschardt*, 260 Iowa 36, 44, 148 N.W.2d 479, 494 (1967); *accord Kreft v. Fisher Aviation, Inc.*, 264 N.W.2d 297, 301, 304 (Iowa 1978); *Hansman v. Gute*, 215 N.W.2d 339, 343–45 (Iowa 1974). However, neither our rules of procedure nor common law *preclude* a request for supplemental notice where, as here, the court reasonably questions its jurisdiction to proceed by default. The assignment of error is without merit.

### IV. *Conclusion.*

The facts in this case reveal a lack of cooperation between court and counsel that can only be described as inimical to the orderly dispensing of justice. Nevertheless, we are persuaded that the court did not act illegally when it refused to automatically enter default judgments on the city's motion.

Accordingly, the writ of certiorari is hereby anulled and the case is remanded to the district court for further proceedings not inconsistent with this opinion. We trust that on remand, the contest of wills evident in this record will not be repeated.

WRIT ANNULLED; CASE REMANDED.