HOME FEDERAL SAVINGS AND
LOAN ASSOCIATION OF
HARLAN, Plaintiff–Appellee,

v.

Helen M. ROBINSON,
Defendant–Appellant,

and

Paulee, Ltd., and David R. Robinson
and Lori Robinson, Defendants.

No. 89–1691.

Court of Appeals of Iowa.

Nov. 29, 1990.

R.J. Tilton, of Nepper & Tilton, Denison, for defendant-appellant.

Michael P. Childs, of Larson, Childs & Hall, P.C., Harlan, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

Defendant-appellant Helen M. Robinson appeals from the trial court's refusal to vacate a judgment of foreclosure. We affirm.

Defendant had given plaintiff-appellee Home Federal Savings & Loan of Harlan a note secured by a mortgage on real estate she owned in Shelby, Iowa. On September 23, 1988, plaintiff filed an action seeking judgment on the note and foreclosure of the mortgage. No answer was filed. On October 7, 1988, plaintiff and defendant entered into an agreement whereby defendant would deposit her social security check and the rental proceeds from the property in an account at plaintiff institu-

tion. Plaintiff would withdraw $690 per month from the account to pay costs, fees and delinquent payments, and, when current, to apply to interest, principal, real estate taxes and insurance premiums. The agreement also provided:

> In the event that Home Federal is not in receipt of the minimum of $690.00 per month for any particular month, Mortgagee shall have the right, without further notice to Mortgagor, to proceed with the foreclosure and obtain a Decree of Foreclosure.

On November 21, 1985, plaintiff filed a motion for default and summary judgment. The motion was supported by an affidavit reciting the mortgage was delinquent and defendant had failed to meet the promises she made to cure the default. Hearing on the motion for summary judgment was set for November 21, 1988. On November 21, 1988, defendant appeared pro se and was given two weeks to obtain an attorney. On December 12, 1988, the trial court entered an order finding defendant in default and granting a judgment foreclosing the mortgage.

On August 29, 1989, defendant filed a petition to vacate the December 12, 1988 decree of foreclosure under Iowa Rule of Civil Procedure 252(e). She contended unavoidable casualty or misfortune had prevented her from defending. She also raised two defenses she claimed were meritorious. Defendant supported her petition by an affidavit stating that while preparing to go to the court house on December 12, 1988, she became sick. She called the presiding judge, told him she was sick, and said she needed time to find the problem. She later learned an abscess in her large intestine had ripped. She was in the hospital for fifteen days and was released December 29, 1988.

Defendant seeks relief under Iowa R.Civ.P. 252 which provides in applicable part:

> Upon timely petition and notice under R.C.P. 253 the court may correct, vacate or modify a final judgment or order, or

grant a new trial on any of the following grounds:

> \*　　\*　　\*　　\*　　\*　　\*

> (e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending.

Defendant contends because she was unable to attend the hearing because of her illness, she met the requirement of the rule. Plaintiff contends defendant has not met the requirements of the rule.

■ This is a law action. *See Hastings v. Espinosa,* 340 N.W.2d 603, 607 (Iowa App.1983). A proceeding for the vacation of a judgment is on assigned errors. *Mishler v. Stouwie,* 301 N.W.2d 744, 747 (Iowa 1981). It is not triable de novo. *Kreft v. Fisher Aviation, Inc.,* 264 N.W.2d 297, 303 (Iowa 1978). The trial court has considerable discretion in deciding whether to afford relief. *Mishler,* 301 N.W.2d at 747; *In re Marriage of Bauder,* 316 N.W.2d 697, 700 (Iowa App.1981).

■ We are more inclined to find an abuse of discretion when relief from the judgment has not been granted than when it has. *Mishler,* 301 N.W.2d at 747; *Windus v. Great Plains Gas Company,* 255 Iowa 587, 593, 122 N.W.2d 901, 905 (1963). The amount of evidence to support an application to vacate a final judgment is greater than that necessary to warrant setting aside a default. *In re Marriage of Heneman,* 396 N.W.2d 797, 799 (Iowa App. 1986); *H & S Ltd. v. Andreola,* 363 N.W.2d 592, 595 (Iowa App.1984).

■ Negligence is not unavoidable casualty or misfortune under rule 252(e). *Kreft,* 264 N.W.2d at 304. *See also Windus,* 255 Iowa at 595, 122 N.W.2d at 906; *Lemke v. Lemke,* 206 N.W.2d 895, 897 (Iowa 1973). Under rule 253 a defense to the merits of the petition asking for the judgment must be alleged. *Dragstra v. Northwestern State Bank of Orange City,* 192 N.W.2d 786, 790 (Iowa 1971).

■ Unavoidable casualty or misfortune means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney

from doing something that, except therefor would have been done. *Mishler*, 301 N.W.2d at 748. The burden of showing she was prevented from defending an action because of unavoidable casualty or misfortune is on defendant. *Lemke*, 206 N.W.2d at 897. A serious illness requiring hospitalization could well support a finding of unavoidable casualty or misfortune. However, defendant's affidavit provides no more than an excuse for not being at the court house on December 12, 1988. There is no evidence to support a finding that if she were at the court house she would have raised a defense. On December 12, 1988, the day set for hearing on the motion for summary judgment, she had not yet filed a resistance to the motion. There is no evidence to support a finding her illness prevented her from hiring an attorney or filing a resistance to the motion. We find no abuse of discretion in the trial court's denying defendant's motion to vacate.

■ Furthermore, defendant's argument also fails on other grounds. Iowa R.Civ.P. 253 provides in relevant part:

A petition for relief under R.C.P. 252 must be filed in the original action within one year after the rendition of the judgment or order involved. It shall state the grounds for relief, and, *if it seeks a new trial, show that they could not have been discovered in time to proceed under R.C.P. 236 or 244, and were discovered afterwards.* Unless the pleadings in the original action alleged a meritorious action or defense the petition shall do so. It shall be supported by affidavit as provided in R.C.P. 80(c). (Emphasis supplied.)

Defendant did not state her grounds for relief could not have been discovered in time to proceed under Iowa R.Civ.P. 236 or 244.

Defendant argues she was not required to show she could not have discovered for grounds for relief in time to proceed under Iowa R.Civ.P. 236 (motion to set aside default), or Iowa R.Civ.P. 244 (motion for new trial). Defendant supports her position by relying on *Dragstra*, 192 N.W.2d at 792. In *Dragstra*, the court granted an

Iowa R.Civ.P. 252 motion where there was no showing the movant could not have proceeded under rule 236. *Dragstra* is not applicable because in *Dragstra*, no default had been taken. The December 12, 1988 decree defendant seeks to set aside was a consideration of plaintiff's motion for default and for summary judgment. The trial court in the decree first determined defendant was in default and then entered a decree in plaintiff's favor. Because there was a default judgment, Iowa R.Civ.P. 252 dictated defendant should have shown why she could not have discovered the casualty and filed a motion within sixty days of the judgment. Iowa R.Civ.P. 236. Defendant has not done this. Furthermore, the hospitalization defendant contends was the casualty was only until December 29, 1988. The sixty-day period following judgment would not have expired until February 10, 1989. We affirm.

■ Plaintiff cross-appeals seeking attorney fees. The mortgage originally sued on made provision for payment of attorney fees. However, this is not a suit for foreclosure of a mortgage; rather it is an action premised on Iowa R.Civ.P. 252. There is no authority or provision under this rule for attorney fees. *See Severson v. Peterson*, 364 N.W.2d 212, 214 (Iowa 1985).

AFFIRMED.