683 P.2d 819 (1984)
Arthur Prax ORTEGA, Plaintiff-Appellant and Cross-Appellee,
v.
BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF COSTILLA, Office of the County Treasurer, and Cosme Sanchez, Jr., individually and as agent for the County of Costilla, Defendants-Appellees and Cross-Appellants.
No. 83CA1002.
Colorado Court of Appeals, Div. III.
May 24, 1984.
*820 Normando R. Pacheco, Denver, for plaintiff-appellant and cross-appellee.
Deisch & Marion, P.C., Brad W. Breslau, Denver, Robert L. Pastore, County Atty., Alamosa, for defendants-appellees and cross-appellants.
KELLY, Judge.
Arthur Prax Ortega appeals the summary judgment entered in favor of the defendants, asserting, among other things, that the trial court erred in ruling that the action was barred by collateral estoppel. We affirm.
In August 1977, Joe S. Albert, Jr., and others filed an action in the Costilla County District Court against Cosme Sanchez, Jr., Ortega, and Charles R. Steed seeking to quiet title to a tract of land for which Tax Certificate No. 2215 had been issued to Steed and assigned by him to Ortega in December 1967. In addition, the petition prayed that Sanchez, as county treasurer, be restrained from issuing and delivering to Ortega a treasurer's deed to the disputed property.
Nearly two years later, there having been an appearance but no answer or other defense by Ortega, judgment by default was entered quieting title to the lands in the plaintiffs, declaring that Steed and Ortega have no interest in the property, and directing cancellation of Tax Certificate No. 2215 upon payment by the plaintiffs of the delinquent taxes. Ortega moved to set aside the default judgment, and in December 1979, the motion was denied. There was no appeal.
In subsequent interpleader proceedings in the action, the tax moneys received by the county treasurer were deposited in the registry of the court and were the subject of a court order directing payment to Ortega. A page from the registry record shows that these sums were paid out in accordance with this order.
Ortega's present action, commenced in February 1981, alleges his ownership of Tax Certificate No. 2215 and his request, in April 1977, for issuance of a treasurer's deed. Among other things, he asked for a court order requiring issuance of a treasurer's deed, damages based on negligence and arising from loss of profits from a possible sale of the acreage, and exemplary damages for outrageous conduct. Setting up the prior litigation as a defense, the defendants moved to dismiss and for summary judgment, and sought an award of attorney's fees under § 13-17-101, C.R.S. (1983 Cum.Supp.). The trial court granted the motion for dismissal and for summary judgment, ruling that the action was *821 barred by the doctrine of collateral estoppel, and denied the request for attorney's fees. See 657 P.2d 989 (Colo.App. 1982).
We agree with the trial court's application of the principles set forth in Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396 (1973). The four tests were there stated as:
"First, was the issue decided in the prior adjudication identical with the one presented in the action in question? Second, was there a final judgment on the merits? Third, was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? And, fourth, did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication."
As the trial court ruled, each of these tests is met here.
The validity or invalidity of the tax certificate held by Ortega was the primary issue in the quiet title action. The default judgment in the first action was a final judgment, which "precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided." Quality Sheet Metal Co., Ltd. v. Woods, 2 Hawaii App. 160, 627 P.2d 1128 (1981). Therefore, where, as here, a default judgment has been entered against a party who later seeks to litigate an issue disposed of in the prior litigation, the subsequent action is barred. Golden Cycle Corp. v. Cresson Consolidated Gold Mining & Milling Co., 497 P.2d 714 (Colo.App. 1972) (not selected for official publication).
Ortega was a party in the first action, in which the record reveals the following events: The trial court ordered Ortega to appear before it to show cause why a preliminary injunction should not issue, and later ordered Ortega to answer or otherwise plead within ten days. Ortega's motion to dismiss the complaint was considered and denied by the court. Thus, Ortega had a full and fair opportunity to litigate the issue in the prior adjudication, and the judgment entered in that action operates to bar relitigation. Ortega cannot now assert a claim which would, in effect, reverse the default judgment against him. Quality Sheet Metal Co., supra.
In view of this disposition, we need not reach the issues raised challenging the propriety of the trial court's other rulings reaching this same result. See Klipfel v. Neill, 30 Colo.App. 428, 494 P.2d 115 (1972).
We agree with the trial court's reasoning in its order denying defendants' request for attorney's fees. The defendants' argument for reversal of this order is without merit. See Western United Realty, Inc. v. Isaacs, 679 P.2d 1063 (Colo.1984).
The judgment is affirmed.
TURSI and METZGER, JJ., concur.