Ronald STONER, Plaintiff–Appellee,

v.

Donna KILEN, Defendant–Appellant.

No. 93–1474.

Court of Appeals of Iowa.

Jan. 23, 1995.

G.A. Cady, III, of Hobson, Cady & Cady, Hampton, for appellant.

Greg L. Owens and Earl H. Maahs, of Ladegaard & Maahs, Spirit Lake, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ., but decided by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Donna Kilen appeals from a denial of her petition to vacate a default judgment and a denial of her motion for leave to amend to conform to proof. We affirm.

Ronald Stoner transferred funds in excess of $300,000 into Donna Kilen's name to allegedly avoid creditors. At the time, Stoner and Kilen were cohabiting and Stoner was going through a dissolution of marriage and had several pending malpractice claims from his former dental practice. Following a break up between the parties, Stoner filed a petition in equity against Kilen to recover the funds he had transferred into her name.

During the proceedings, the district court sustained Stoner's motion to compel discovery and Kilen's counsel's motion to withdraw. Kilen continued pro se. Pursuant to a meeting with Stoner's counsel, Kilen returned about two-thirds of the money requested by Stoner. However, Kilen then did not comply with further discovery requests in violation of the district court's order and Stoner filed a motion for default judgment prior to the date set for trial. The case was called for trial on the scheduled date. Kilen did not appear for trial nor was she represented. However, Stoner appeared with counsel. Professional statements were made by counsel as to amounts that were due and owing. In addition, exhibits were introduced to establish plaintiff's claim. Thereafter, the district court found Kilen to be in default and ruled in favor of Stoner for the sum of $107,982.

Kilen was sent a copy of the default judgment which had been filed on April 13, 1992. Kilen did not file a motion to set aside the default judgment.

After judicial collection proceedings were initiated against Kilen, Kilen retained new counsel and filed a petition to vacate the default judgment on the basis of fraud in the proceeding and a valid defense to Stoner's claims. Specifically, Kilen asserted that during the meeting with Stoner's counsel it was agreed she would return two-thirds of the money in exchange for the lawsuit being dismissed. That was allegedly why she took no further action in the proceedings.

The district court found Kilen's allegations lacked credibility and denied her motion to vacate the default judgment. Kilen's post-hearing motion to amend to conform to the proof was also denied. The district court determined this motion was an attempt to interject issues—concerning procedural irregularities and errors by the court in granting the default judgment—that should have been raised earlier. The court also stated Kilen had merely speculated as to the matters considered by the court in granting the default judgment when she could have obtained a record of such matters. The court also overruled Kilen's Iowa Rule of Civil Procedure 179(b) motion.

Kilen appeals. She contends the district court erred in denying her petition to vacate the default judgment and her motion for leave to amend to conform to proof.

■ I. *Amendment to conform to proof.* At the conclusion of the presentation of the evidence, counsel for Kilen requested leave to amend to conform to proof. Kilen's proposed amendment raised issues of procedural irregularity. No issues of procedural irregularity were raised in the pleadings. The district court denied the proposed amendment.

Stoner contends the proposed amendment should not be allowed because it substantially changed the issues in the case, and the timing of the request for leave constituted a surprise. "[T]he timing of an attempt to amend is not the determinative factor; in-

stead, the critical determination is whether the proposed amendment substantially changes the issues before the court." *Allison–Kesley Ag Ctr. v. Hildebrand,* 485 N.W.2d 841, 845–46 (Iowa 1992). "[A] trial court has considerable discretion in ruling on a motion for leave to amend, and we will reverse only when a clear abuse of discretion is shown." *Id.* at 846 (quoting *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 284 (Iowa 1976)).

At no time prior to the proposed amendment did Kilen argue the default judgment should be vacated due to procedural irregularities. The trial proceedings were limited solely to Kilen's claim of fraud. We find the proposed amendment is an attempt to introduce a completely new issue to the proceedings. Prior to the proposed amendment, there had been no mention of the issue of procedural irregularities. If the amendment were granted, then a substantial change in the issues would have resulted. We find no clear abuse of discretion, and accordingly affirm the district court's decision to deny the proposed amendment.

■ II. *Petition to vacate judgment.* Kilen brought this proceeding to vacate under Iowa Rule of Civil Procedure 252. Kilen's petition seeks to have the default judgment vacated and requests a new trial be given. A proceeding for the vacation of a judgment is on assigned errors and is not triable de novo. *Home Fed. Sav. & Loan Ass'n v. Robinson,* 464 N.W.2d 894, 895 (Iowa App.1990). In *Home Federal,* we stated that:

> The trial court has considerable discretion in deciding whether to afford relief. We are more inclined to find an abuse of discretion when relief from the judgment has not been granted than when it has. The amount of evidence to support an application to vacate a final judgment is greater than that necessary to warrant setting aside a default.

*Id.* (cites omitted).

■ Kilen failed to file a motion to set aside the default judgment under Iowa Rule of Civil Procedure 236. Kilen had sixty days after the entry of the judgment to file such a motion. Iowa R.Civ.P. 236. Since the time had passed for Kilen to file a motion to set aside the default judgment, Kilen had to resort to a petition to vacate judgment under rule 252.

The requirements for a petition to vacate judgment are given in Iowa Rule of Civil Procedure 253.

> A petition for relief under R.C.P. 252 must be filed in the original action within one year after the rendition of the judgment or order involved. *It shall state the grounds for relief, and, if it seeks a new trial, show that they could not have been discovered in time to proceed under R.C.P. 236 or 244, and were discovered afterwards.* Unless the pleadings in the original action alleged a meritorious action or defense the petition shall do so. It shall be supported by affidavit as provided in R.C.P. 80(c).

Iowa R.Civ.P. 253(a) (emphasis added). Kilen did not proceed under rule 236 and has sought a new trial, so she was required to make a showing in her petition why her grounds for relief could not have been discovered within the rule 236 time frame. Kilen has failed to do this. Kilen's failure to meet the petition requirements means she cannot be afforded relief under rule 252. *See Home Fed.,* 464 N.W.2d at 896.

■ Although we have reached the same result as the district court for different reasons, we still affirm. *Anderson v. Yearous,* 249 N.W.2d 855, 863 (Iowa 1977). We may affirm for any proper ground for which support is found in the record. *S & S, Inc. v. Meyer,* 478 N.W.2d 857, 860 (Iowa App.1991). The procedural ground upon which we rely was argued before the district court. We affirm the decision of the district court to deny the relief sought under Iowa Rule of Civil Procedure 252.

We affirm the district court on both issues presented on this appeal.

**AFFIRMED.**

SACKETT, J., takes no part.