**EDWARD ROSE BUILDING COMPANY, Appellee,**

v.

**CASCADE LUMBER COMPANY, Appellant.**

No. 98–1602.

Supreme Court of Iowa.

Jan. 18, 2001.

Dave Hughes, Cascade, and Roger J. Kurt, Dubuque, for appellant.

Chad C. Leitch and Davin C. Curtiss of O'Connor & Thomas, P.C., Dubuque, for appellee.

LARSON, Justice.

The issue in this case is whether an Illinois judgment may be enforced in Iowa under Iowa Code chapter 626A (1997) in the face of the judgment debtor's argument that the Illinois court lacked jurisdiction. We reject this argument and hold the district court properly enforced the Illinois judgment.

## I. Facts and Prior Proceedings.

Cascade Lumber Company, an Iowa corporation, contracted with Edward Rose Building Company (Edward Rose), a Michigan corporation, to manufacture building trusses and deliver them to a building site in Illinois. A dispute arose, and on July 16, 1997, Cascade filed a declaratory judgment action in Dubuque County to determine the parties' rights and obligations. While that action was pending, Edward Rose sued Cascade on the contract in an Illinois court. Cascade was served notice of the Illinois suit but did not participate in it, and on October 22, 1997, the Illinois court entered a default order against Cascade. In December 1997 the Illinois court entered a judgment against Cascade for $59,778.

Edward Rose filed the Illinois judgment in the Iowa district court as provided in Iowa Code chapter 626A, our Uniform Enforcement of Foreign Judgments Act. Cascade filed an objection to the filing of the judgment, contending the Illinois court lacked jurisdiction to enter it because the Iowa case, which had been filed first, preempted jurisdiction. The district court rejected Cascade's argument and ruled the Illinois judgment was enforceable in Iowa.

## II. Disposition.

■ Under the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1; see also Nat'l Equip. Rental, Ltd. v. Estherville Ford, Inc., 313 N.W.2d 538, 541 (Iowa 1981). The Full Faith and Credit Clause

requires the courts of each state to give a judgment of another state the same preclusive effect as it has in the state in which it was rendered, and this is true even if the judgment is obtained by default. *Nat'l Equip. Rental*, 313 N.W.2d at 541.

Enforcement of a foreign judgment has been expedited by our adoption in 1979 of the Uniform Enforcement of Foreign Judgments Act, now found as Iowa Code chapter 626A. Under this act,

[a] copy of a foreign judgment authenticated in accordance with an Act of Congress or the statutes of this state may be filed in the office of the clerk of the district court of a county of this state which would have venue if the original action was being commenced in this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the district court of this state and may be enforced or satisfied in like manner.

Iowa Code § 626A.2(1).

The purpose of statutes like chapter 626A is to give effect to a foreign judgment without the necessity of suing on the judgment in a second action, although the latter remedy was preserved in Iowa by the uniform act. *See* Iowa Code § 626A.6. The commissioners' note to the uniform act explains the rationale:

One of the things that contributes to calendar congestion is the Federal necessity of giving full faith and credit to the judgments of courts of other states. U.S. Const. art. IV, § 1. While there is no constitutional requirement that a debtor who has had a full due process trial in one state need be given a second full scale trial on the judgment in another state, this is the only course generally available to creditors. The usual practice requires that an action be commenced on the foreign judgment. The full procedural requirements apply to the second action.

Unif. Enforcement of Judgments Act (revised 1964), 13 U.L.A. 171 commissioners' prefatory note (1986).

■ Cascade contends the Illinois judgment is not entitled to full faith and credit because the Illinois court did not have jurisdiction to enter it. It does not contend, as the judgment debtor did in *Eagle Leasing v. Amandus*, 476 N.W.2d 35, 37 (Iowa 1991), that the foreign judgment was void for lack of personal jurisdiction. Cascade instead makes a preemption argument—that once the Iowa action was commenced the Illinois court could not become involved. Cascade cites no cases on point but relies on language in an analogous case, *Central National Bank v. Stevens*, 169 U.S. 432, 459–60, 18 S.Ct. 403, 413, 42 L.Ed. 807, 817 (1898). The Court in that case said:

"It is a doctrine of law too long established to require a citation of authorities that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; *and that, where the jurisdiction of a court and the right of a plaintiff to prosecute his suit in it have once attached, that right cannot be arrested or taken away by proceedings in another court.*"

*Id.* (emphasis added) (quoting *Peck v. Jenness*, 48 U.S. (7 How.) 612, 624, 12 L.Ed. 841, 846). *Central National* must be distinguished. The above quote relied on by Cascade was dictum. The Court in that case actually held a *judgment* of the federal circuit court could not subsequently be ignored by a New York court. In the present case, there was no judgment in the Iowa court when the Illinois court entered its judgment.

■ A court may defer to the courts of another state where there is a pending proceeding involving the same subject

matter and parties; however, there is no duty to do so until final judgment is entered in the other state. This so-called rule of priority is a matter of comity and does not divest a court of jurisdiction.

The rule of priority does not apply, as a matter of duty, between courts of different states. As a matter of comity, however, a court of one state may stay a proceeding pending before it on the ground that a case involving the same subject matter and the same parties is pending in the court of another state. Also, in view of the full faith and credit clause of the Federal Constitution, once the proceeding on the case has been finally adjudicated by the court of a sister state, res judicata effect must be given to it by the court of the forum state.

20 Am.Jur.2d *Courts* § 95, at 399 (1995) (footnotes omitted); *accord* Restatement (Second) of Conflict of Laws § 86 (1969). Here, Cascade did not request the Illinois court to stay those proceedings, and if it had, the court would not have been required to grant it. In an analogous case, a party claimed Iowa should have abated an action before the district court, as a matter of comity, until a Texas action had been tried to conclusion. We said:

In support of this contention [that Iowa should abate in favor of Texas] [the appellant] relies on a practice employed by some federal courts that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.... [Federal cases suggest the first-to-file rule] is a rule of comity to be applied between two courts of the same sovereignty. *See Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 887 (3d Cir.1981) (first-to-file rule was never meant to apply when the two courts involved were not courts of the same sovereignty).... [W]e are convinced that comity did not require the Iowa court to defer to the Texas court.

*EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 300 (Iowa 2000) (citation omitted); *see also Morris v. Morris*, 197 N.W.2d 357, 359 (Iowa 1972) ("Full faith and credit must, of course, be accorded a valid judgment entered by any sister state. It is evident, however, the foregoing constitutional mandate applies to final judgments alone." (Citation omitted.)).

Because Cascade did not establish, or even claim, that the Illinois court lacked personal jurisdiction and did not establish any other ground on which to deny full faith and credit to the Illinois judgment, the district court should be affirmed.

**AFFIRMED.**

All justices concur except CADY, J., who takes no part.