# IN THE COURT OF APPEALS OF IOWA

No. 14-0099
Filed October 29, 2014

**SUMMIT INTERESTS INC. d/b/a**
**COLORADO BACKCOUNTRY RENTALS,**
    Plaintiff-Appellee/Cross-Appellant,

**vs.**

**STEVEN J. MESCHER,**
    Defendant-Appellant/Cross-Appellee.
_____

    Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


    Steven Mescher appeals the denial of his petition to vacate or modify an application to register a foreign judgment. **AFFIRMED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**


    Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant/ cross-appellee.

    Jase H. Jensen of Howes Law Firm, P.C., Cedar Rapids, for appellee/ cross-appellant.


    Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Steven Mescher appeals the district court's dismissal of his motion to vacate or modify a judgment and for a stay of the application to register a foreign judgment filed by Summit Interests (d/b/a Colorado Backcountry Rentals). Mescher claims the Colorado judgment should not be given full faith and credit as he did not have an adequate opportunity to be heard, and the requirement of a filing fee in order to file his answer violated his due process rights. He also claims the court erred in entering a judgment for an amount in excess of the amount claimed in the initial complaint served on Mescher. Summit cross-appeals, claiming Mescher's claims are precluded from consideration, he received adequate notice, waived his right to respond, and the trial court did not err in entering a judgment in excess of the amount in the original complaint. We find Mescher's claims are precluded by the judgment entered in Colorado and affirm the district court's ruling.

## I. BACKGROUND FACTS AND PROCEEDINGS

On July 11, 2012, Steven Mescher, a resident of Iowa, rented several all-terrain vehicles (ATVs) from Summit Interests (Summit), while on a trip in Colorado. The parties executed a rental agreement, which required Mescher to pay any loss or damage to the rented ATVs. Mescher provided his credit card number and authorized Summit to charge him for repair costs. Subsequently, one of the ATVs rented to Mescher was damaged. Summit unsuccessfully attempted to charge Mescher's credit card for the damages. On July 24, 2012, Summit filed a complaint in the county court for Summit County, Colorado,

claiming breach of contract and unjust enrichment. Summit sought an award of actual damages.

On August 8, 2012, Summit filed an ex parte motion to substitute service on Mescher. After filing the original complaint, Summit made several attempts to serve Mescher including hiring a process server in Iowa. The process server made six attempts to serve Mescher at the Iowa address he provided on the rental agreement. The process server noted Mescher's home appeared to be under construction and uninhabited. Summit also noted it had corresponded with Mescher by email before it filed the complaint. Summit cited Colorado Rule of Evidence 304(e), which provides for substituted service when personal service is impossible. Under rule 304(e), if the court determines a party has diligently attempted to personally serve the other party, the court may provide for substituted service by mail.

On August 9, the Summit County court granted Summit's motion and issued a summons stating a judgment would be entered against Mescher if he did not file an answer by August 31. The summons also listed the requirement of a filing fee to be paid when the answer was filed. That same day, Summit emailed and mailed a copy of the summons to Mescher advising him of the potential default.

On August 30, Mescher's attorney emailed Summit informing them Mescher did not intend to file an answer. Summit filed a motion for default judgment on September 6. A default judgment was entered against Mescher on September 11 for $4167.29. An amended and final judgment was entered on

December 6 for $5260.53, with an annual interest rate of eighteen percent until the judgment was paid in full.

On July 3, 2013, Summit filed an application to register a foreign judgment in Linn County seeking $6857.42. Mescher responded by filing a motion to vacate or modify the judgment and for a stay. Mescher claimed he did not have a reasonable opportunity to defend against the claim on which the judgment was entered. Specifically, he claimed Summit provided inadequate notice, and the requirement of a filing fee in order to file an answer deprived him of the opportunity to defend the claim. Summit filed a resistance and argued Mescher was precluded from claiming inadequate notice because the proper venue was the Summit County, Colorado court.

The Linn County court entered an order on Mescher's petition finding he had an opportunity to be heard in the Colorado proceedings. The court noted: "Defendant took no action to contest the complaint filed against him in the Colorado court proceedings, despite the fact that he had notice of the claims stated against him by the Plaintiff and received specific instructions in the summons as to how to proceed if he disagreed with the allegations included in the complaint." The court upheld the Colorado judgment.

Mescher filed a motion for enlargement of findings seeking a specific ruling on the issue of payment of a filing fee as a condition to filing an answer. He also challenged the calculation of the judgment of $6857.42, provided in the notice of filing a foreign judgment. Summit filed a motion to dismiss and resistance to the motion for enlargement of findings. Summit claimed Mescher's

motion should be dismissed because it was not timely filed, proper process and notice was not provided to Summit, and Mescher's arguments were precluded because the Colorado court was the proper venue to challenge the adequacy of notice and the filing fee requirement. Additionally, Summit notes the court should deny Mescher's challenge to the calculation of the judgment since he did not make this claim in his motion to vacate or modify the judgment and stay. On December 16, 2013, the court issued an order dismissing Mescher's motion for the reasons stated in Summit's resistance. Now, Mescher appeals and Summit cross-appeals.

## II.    STANDARD OF REVIEW

A proceeding to vacate judgment is on assigned errors, not de novo. *Stoner v. Kilen*, 528 N.W.2d 648, 650 (Iowa Ct. App. 1995). The trial court is vested with considerable discretion when ruling on a petition to vacate judgment, and we will only reverse if that discretion has been abused. *Soults Farm, Inc. v. Schafer*, 797 N.W.2d 92, 109 (Iowa 2011). However, we are more inclined to find an abuse of discretion when relief has been denied than when granted. *Id.*

## III.    ANALYSIS

The Full Faith and Credit Clause of the United States Constitution provides "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other state." U.S. Const. art. IV, § 1. The Full Faith and Credit Clause requires the courts of each state to give other states' judgments the same preclusive effect as it has in the state in which it was rendered, and this is true even if the judgment is obtained by default. *Edward*

*Rose Bldg. Co. v. Cascade Lumber Co.*, 621 N.W.2d 193, 194–95 (Iowa 2001). "Under the full faith and credit clause, the preclusive effect of a judgment must be determined by the law of the state in which it was rendered." *Nat'l Equip. Rental, Ltd. v. Estherville Ford, Inc.*, 313 N.W.2d 538, 541 (Iowa 1981).

Enforcement of a foreign judgment in Iowa is governed by Iowa Code chapter 626A (2013), which adopted the Uniform Enforcement of Foreign Judgments Act. A foreign judgment means "a judgment, decree, or order . . . of any other court which is entitled to full faith and credit in this state." Iowa Code section 626A.1.

> A properly authenticated foreign judgment, filed in an Iowa district court which would have venue if the original action was being commenced in this state, shall be treated in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the district court of this state and may be enforced or satisfied in like manner.

Iowa Code § 626A.2. The purpose of chapter 626A is to give effect to foreign judgments "without the necessity of suing on the judgment in a second action." *Edward Rose Bldg.*, 621 N.W.2d at 195.

### A.     Adequacy of Service of Process

Mescher claims the Colorado judgment is not entitled to full faith and credit in Iowa because the ex parte service did not give him enough time to respond to Summit's lawsuit. In support of his claims, he generally relies on the Full Faith and Credit Clause of the United States Constitution, and the exceptions

to the Clause set out in section 104 of Restatement (Second) Conflict of Laws.[1] Summit responds that since Mescher did not challenge the adequacy of the notice at the trial level, he effectively waived his right to challenge the service of process and is now precluded from asserting this argument on appeal.

We now consider whether Mescher's claims are precluded due to the waiver of his right to answer in the Colorado court. Since the judgment was originally entered in Colorado, we must evaluate these issues through the lens of Colorado law. *See id.* at 194–95. Waiver is defined as the "intentional relinquishment of a known right or privilege." *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984). A waiver may be explicit, as when a party orally or in writing abandons a right or privilege, or a waiver may be implied, as when a party engages in conduct manifesting intent to relinquish the right or privilege. *Id.*

In this case, the record shows Summit's attorney contacted Mescher by email on July 20, 2012, and requested the contact information for Mescher's attorney. Mescher responded to the email he had given Summit's information to his attorney. After not hearing anything from Mescher's attorney, Summit filed the complaint. Summit then unsuccessfully attempted to serve Mescher on six different occasions. After the final attempt failed, Summit received permission from the Colorado court to serve Mescher by mail. On August 9, 2012, Summit emailed and mailed notice of the complaint to Mescher. On August 30, Mescher's attorney contacted Summit and stated: "Mr. Mescher will not be filing

---

[1] Section 104 provides: "A judgment rendered without judicial jurisdiction or without adequate notice or adequate opportunity to be heard will not be recognized or enforced in other states." Restatement (Second) of Conflict of Laws § 104 (1971). Iowa has not addressed section 104 in any of its appellate decisions.

an answer so you will not have to travel to Breckenridge to prove up your default. I do want to discuss a resolution to this when I am back in the office." The record indicates Mescher knew of Summit's lawsuit, had adequate time to respond, and failed to respond. The Colorado Rules of Civil Procedure require parties to raise the defense of service of process before trial in a responsive pleading or motion, if the defense is not raised it is deemed waived. *See* Colo. R. Civ. P. 12; *In re Marriage of Booker*, 833 P.2d 734, 739 (Colo. 1992). In choosing not to file an answer, Mescher waived his right to challenge the sufficiency of service of process.

In Colorado, the doctrine of claim preclusion acts to bar a second action on the same claims litigated in a previous proceeding. *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999). The doctrine requires the satisfaction of the following four elements: "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." A default judgment is a final judgment for the purposes of claim preclusion. *Ortega v. Bd. of Cnty. Comm'rs of Costilla Cnty.*, 683 P.2d 819, 821 (Colo. App. 1984). A default judgment forecloses all claims that could have been included, but were not, in the initial action. *Id.*

Mescher's petition to vacate or modify Summit's application to register a foreign judgment meets the four requirements of claim preclusion under Colorado law. Mescher claim is therefore precluded.

**B.     Filing Fee**

Mescher argues the Colorado requirement of a filing fee to accompany an answer violates his "due process rights."   Mescher cites the Restatement (Second) of Conflict of Laws section 104, which mentions in comment (a): "Due process forbids the rendition of a judgment within the United States unless the State of rendition has judicial jurisdiction . . . and unless the parties have been given adequate notice and adequate opportunity to be heard."  Mescher lists no other authority to support his due process claim.  We are uncertain if Mescher is referencing the due process clause contained United States Constitution, or the due process clauses contained in the Iowa or Colorado constitutions.   As a general rule, "we will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments*." Hyler v. Garnder,* 548 N.W.2d 864, 876 (Iowa 1996); *see also* Iowa R. App. P. 6.903 ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").  In most cases the appellant's "random mention of an issue, without analysis, argument or supporting authority is insufficient to prompt an appellate court's consideration."  *State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999); *Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994).  Due to Mescher's failure to cite specific law in support of his due process claim, we deem that issue waived.

**C.     Calculation of the Judgment Amount**

Mescher claims he did not receive notice or an explanation of the increase in the amount of the judgment awarded to Summit.   In Summit's complaint, it

asked for an award of actual damages, all costs of the action including attorney fees, pre- and post-judgment interest on any damages and losses under the terms of the contract, and for any other relief the court deemed just and equitable. The Colorado court, in its amended and final judgment, awarded Summit $5260.53, plus eighteen percent annual interest until paid in full. The court also required Mescher to "pay all costs of collecting and attempting to collect" the judgment including attorney fees. The difference between the Colorado judgment of $5260.53 and the judgment sum entered in Iowa, $6857.42, was interest at eighteen percent to July 3, 2013, and the costs associated with collecting and attempting to collect the judgment. Mescher waived his right to object to the judgment amount by allowing a default judgment to be entered. For the reasons we have already stated, Mescher is precluded from objecting to the judgment amount on appeal.

## IV.    CONCLUSION

The district court did not err in its decision to deny Mescher's petition to vacate or modify Summit's application to register a foreign judgment. The judgment of the Colorado court must be afforded full faith and credit in the State of Iowa.

**AFFIRMED ON APPEAL; AFFIRMED ON CROSS-APPEAL**