# IN THE COURT OF APPEALS OF IOWA

No. 18-0811
Filed October 9, 2019

**JAMES RIXNER and the SIOUX CITY HUMAN RIGHTS COMMISSION OF THE CITY OF SIOUX CITY,**
        Plaintiffs-Appellants,

**vs.**

**JAMES W. BOYD REVOCABLE TRUST and JENNIFER BOYLE and JAMES W. BOYD, Individually,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

        The appellants appeal the dismissal of their petition alleging discrimination in the rental of housing.  **REVERSED AND REMANDED.**

        Connie E. Anstey, Assistant City Attorney, for appellants.

        Patrick T. Parry of Mayne, Hindman, Daane, & Parry, Sioux City, for appellees.

        Heard by Potterfield, P.J., and Bower and Greer, JJ.

**GREER, Judge.**

James Rixner and the Sioux City Human Rights Commission (Commission)[1] appeal the dismissal of their petition against the James W. Boyd Revocable Trust (Trust), Jennifer Boyle, and James W. Boyd.[2] The plaintiffs allege the defendants discriminated in the rental of housing in violation of state and municipal law, and they requested damages and an injunction. They argue the district court abused its discretion in striking a paragraph of the petition and erred in finding the plaintiffs are not aggrieved parties. The defendants argue the petition is time barred, the plaintiffs have failed to argue they are the real party in interest, and the plaintiffs do not have standing to pursue this action. We decline to address the statute of limitations and motion to strike issues and conclude that the plaintiffs have established they are aggrieved parties under the statute and have standing to pursue their claims. We reverse and remand to the district court for further proceedings.

## I. Background Facts and Proceedings

On March 16, 2017, the Commission filed its first petition, which it later amended. According to the amended petition, the defendants owned or were otherwise responsible for conducting business at residential rental properties in Sioux City. On or about April 23, 2014, a third-party tester working on behalf of the Commission contacted Boyle about renting housing. The tester asked about keeping a companion animal due to a disability. Boyle said no animals, including assistive animals, were allowed in the property. The Commission deemed this

---

[1] We will refer to Rixner and the Commission collectively as the "Plaintiffs."
[2] We will refer to the Trust, Boyle, and Boyd collectively as the "Defendants."

behavior discriminatory and issued a formal probable cause finding on May 7, 2015. A similar interaction was alleged to be part of a continuing violation related to a subsequent complaint occurring on or about August 10, 2016. The Commission claims the defendants violated the law by denying reasonable accommodation of a disability, steering, and restricting rental choices. Due to the allegations, the petition requested an injunction to prevent further discrimination, civil penalties, punitive damages, costs, and attorney fees.

The defendants filed a motion to strike the reference to the subsequent complaint, claiming the Commission already found it lacked probable cause to pursue the complaint. After an unreported hearing, the court granted the motion to strike on September 14, 2017, finding "no argument or evidence [the] complaint that was dismissed for lack of probable cause involved a companion dog or a refusal to allow a companion dog in the housing." On November 13, the Commission filed an amended petition. Among the changes, the amended petition deleted the struck paragraph, but included a new paragraph about the subsequent complaint detailing more information related to the alleged continuing behavior. Another request to strike the new paragraph was made, but the district court never ruled on the request.

Along with that second motion to strike, the defendants also included a motion to dismiss. On March 7, 2018, the district court granted the motion, finding the Commission is not an "aggrieved person" eligible to file a petition under Iowa Code section 216.16A(2)(a) (2017). The Commission filed a motion to reconsider followed by a second amended petition that added Rixner—chair of the Commission—as a plaintiff. On April 19, the court denied the motion to reconsider

and dismissed the second amended petition, finding "Rixner is no more of an aggrieved party than the Commission itself" and that a tester hired by the Commission could not be an actual "person" or "party" in interest who had been aggrieved. The plaintiffs appeal.

## II. Standard of Review

We review a motion to strike portions of the petition for abuse of discretion. *See Theis v. James*, 184 N.W.2d 708, 710 (Iowa 1971). We review a motion to dismiss for correction of errors at law. *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004). "A motion to dismiss is properly granted only if a plaintiff's petition 'on its face shows no right of recovery under any state of facts.'" *Id.* (quoting *Trobaugh v. Sondag*, 668 N.W.2d 577, 580 (Iowa 2003)). "A motion to dismiss is properly granted 'only when there exists no conceivable set of facts entitling the non-moving party to relief.'" *Id.* (quoting *Barkema v. Williams Pipeline Co.*, 666 N.W.2d 612, 614 (Iowa 2003)).

## III. Analysis.

**A. Statute of Limitations.** As an initial matter, the defendants assert the petition is barred by the applicable statute of limitations. *See* Iowa Code § 216.16A(2)(a) ("An aggrieved person may file a civil action in district court not later than two years after the occurrence of the termination of an alleged discriminatory housing or real estate practice . . . ."). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The defendants acknowledge "[t]he district court did not resolve this matter based on the statute of limitations." Nevertheless, the

defendants note "[w]e may affirm for any proper ground for which support is found in the record." *Stoner v. Kilen*, 528 N.W.2d 648, 650 (Iowa Ct. App. 1995). However, "the record must at least reveal the court was aware of the claim or issue and litigated it" in order to preserve an issue for our review. *Meier*, 641 N.W.2d at 540. While the defendants quoted section 216.16A(2)(a), including the statute of limitations, in their motion to dismiss, the record contains no indication the parties litigated or the court considered the statute of limitations issue. Therefore, the defendants did not preserve the statute of limitations issue for our review and we do not consider the issue.

**B. Motion to Strike.** The plaintiffs argue the court abused its discretion in striking from the petition an allegation the defendants had committed a subsequent violation. "Each averment of a pleading shall be simple, concise, and direct." Iowa R. Civ. P. 1.402(2)(a). "The petition need not allege ultimate facts that support each element of the cause of action. The petition, however, must contain factual allegations that give the defendant 'fair notice' of the claim asserted so the defendant can adequately respond to the petition." *Rees*, 682 N.W.2d at 79. This rule is a procedural tool to strike "improper or unnecessary matter in a pleading." Iowa R. Civ. P. 1.434; *Krausnick v. Haegg Roofing Co.*, 20 N.W.2d 432, 434 (Iowa 1945) (finding "immaterial and irrelevant" allegations of the petition were properly struck where the theory of liability was not supported by such allegations).

The plaintiffs plead that in 2016 the defendants denied a complainant the use of an assistive animal despite a doctor's letter. After an unreported hearing, the court noted the complaint was dismissed due to a lack of probable cause. The court struck the paragraph because it saw "no argument or evidence" the dismissal

was due to "a refusal to allow a companion dog in the housing." After this ruling, the plaintiffs amended their petition to add a new paragraph that further clarified the details of the subsequent violation. The district court did not strike this replacement paragraph. Based on the allegations and the unresolved issue of whether a continuing violation exists, this 2016 subject matter is not immaterial or irrelevant to the case. *See Evans v. Herbranson*, 41 N.W.2d 113, 119–20 (Iowa 1950) ("Having a possible relation to the controversy, they are properly pleadable . . . ."). Because the struck allegations remain in the second amended petition, we do not address this motion to strike. We also do not address the admissibility of any evidence of the subsequent violation at any potential trial.

**C. Motion to Dismiss.** The plaintiffs argue the district court erred in granting the defendants' motion to dismiss. The plaintiffs frame their argument on appeal as whether they have standing to file the petition in district court under Iowa Code section 216.16A. The defendants argue the court decided the plaintiffs were not real parties in interest rather than ruling on standing. Because standing and real-party-in-interest status are different concepts, the defendants argue the plaintiffs waived any real-party-in-interest argument and their standing argument is not property before this court.

1. *Standing and Real Party in Interest.* "A party who has standing and the real party in interest are not one in the same." *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008). A party may lack standing, real-party-in-interest status, or both. *See id.* at 435. A party must have both in order to bring an action. *See id.*; *see also* Iowa R. Civ. P. 1.201 ("Every action must be prosecuted in the name of the real party in interest.").

"Standing requires that a party have a legal interest in the litigation and be injuriously affected." *Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 258 (Iowa 2009) (case appealed on standing issue—resolved on real-party-in-interest analysis). A party with a legal interest in the litigation has "a special interest in the challenged action, 'as distinguished from a general interest.'" *Godfrey v. State*, 752 N.W.2d 413, 419 (Iowa 2008) (quoting *City of Des Moines v. Pub. Emp't Relations Bd.*, 275 N.W.2d 753, 759 (Iowa 1979)). An injuriously affected party can demonstrate a "specific and perceptible harm" from the injured interest. *Id.*

"The real party in interest is the true owner of the right sought to be enforced." *Iowa Beta Chapter*, 763 N.W.2d at 258. Questions about the real party in interest may arise when the enforceable interest transfers between parties. *See, e.g.*, *id.* at 258–59 (finding a suspended fraternity chapter remained the real party in interest to bring its claim); *Pillsbury Co.*, 752 N.W.2d at 434–38 (finding a genuine issue of material fact as to whether Pillsbury Co. had assigned its enforceable interest to a third party).

Initiating this appeal issue, the defendants filed their motion to dismiss, claiming the petition was not filed by or on behalf of an "aggrieved person" as required under Iowa Code section 216.16A(2)(a). The district court agreed with the defendants in dismissing the petition. In its April 19, 2018 ruling, the court referred to both standing under chapter 216 and real party in interest:

> Under the pled facts, the case is based upon hired testers. No actual person was discriminated against. While it is clear that the plaintiff could file an action under Section 216.16A on behalf of an aggrieved person . . . it has not done so in the petition.

Similarly, as the Commission is not the aggrieved party, the petition is not brought in the name of the real party in interest.

On appeal, the plaintiffs assert they are an "aggrieved person" under section 216.16A(2)(a). If they are correct, they would have standing to file the petition under the statute. *See Iowa Beta Chapter*, 763 N.W.2d at 258. They would also be the real party in interest as "a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is prosecuted." Iowa R. Civ. P. 1.201; *see also Sioux City v. W. Asphalt Paving Corp.*, 271 N.W. 624, 631 (Iowa 1937). While the parties and district court differ in framing the "aggrieved person" issue as one of *standing* or *real party in interest*, the crux of the underlying issue encompasses who holds the status of an "aggrieved person." Therefore, the "aggrieved person" issue is properly before us.

2. *Aggrieved person.* Iowa Code chapter 216, the Iowa Civil Rights Act (ICRA), prohibits various forms of discrimination, including discrimination in the rental of housing on the basis of disability. *See* Iowa Code §§ 216.8(1), .8A(3)(a). "An aggrieved person may file a civil action in district court . . . to obtain appropriate relief with respect to the discriminatory housing or real estate practice or breach." *Id.* § 216.16A(2)(a). Chapter 216 generally defines "person" to include "the State of Iowa and all political subdivisions and agencies thereof." *Id.* § 216.2(12). However, the parties disagree as to whether "aggrieved person" as used in section 216.16A(2)(a) includes the Plaintiffs.

"'Iowa courts have traditionally looked to federal law for guidance in interpreting' the Iowa Civil Rights Act. We are, however, 'not bound by federal law, despite consistent utilization of the federal analytical framework.'" *Pippen v. State*,

854 N.W.2d 1, 18 (Iowa 2014) (quoting *Pecenka v. Fareway Stores, Inc.*, 672 N.W.2d 800, 803 (Iowa 2003)); *see also Renda v. Iowa Civil Rights Comm'n*, 784 N.W.2d 8, 15–16 (Iowa 2010) ("While interpretations of the Fair Housing Act are instructive when interpreting the housing provisions of the Iowa Civil Rights Act, they are not controlling."). "Our task is to ascertain the intent of our legislature." *Ackelson v. Manley Toy Direct, L.L.C.*, 832 N.W.2d 678, 687 (Iowa 2013). "In making choices under the Iowa Civil Rights Act, we must be mindful of the legislative direction that the Act be broadly interpreted to effectuate its purposes." *Pippen*, 854 N.W.2d at 30 (citing Iowa Code § 216.18(1)). With such purpose in mind, the Act was "designed to correct a broad pattern of behavior rather than merely affording a procedure to settle a specific dispute." *Estabrook v. Iowa Civil Rights Comm'n*, 283 N.W.2d 306, 308-09 (Iowa 1979).

Like the ICRA, the federal Fair Housing Act allows an "aggrieved person" to bring a housing-discrimination action in court. 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court . . . to obtain appropriate relief with respect to such discriminatory practice or breach."). The Federal Act generally defines "aggrieved person" to include "any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." *Id.* § 3602(i).[3] The United

---

[3] The federal definition of "aggrieved person" is consistent with the Iowa Civil Rights Commission's definition in the Iowa Administrative Code. *See* Iowa Admin. Code r. 161—9.3 (defining "aggrieved person" in the ICRA as "any person who claims to have been injured by a discriminatory housing practice, or any person who believes that that person will be injured by a discriminatory housing practice that is about to occur"). The Iowa Supreme Court has not addressed whether the ICRC definition of "aggrieved person" is entitled to deference. *See, e.g., Simon Seeding & Sod, Inc. v. Dubuque Human Rights*

States Supreme Court has held this definition shows "a congressional intention to define standing as broadly as is permitted by Article III of the Constitution." *Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1303 (2017) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

While Iowa did not explicitly enact the federal definition of "aggrieved person" in the ICRA, we see no reason to interpret the term differently under Iowa law given its purpose. Iowa Code section 216.16A(2)(a) closely tracks the Federal Fair Housing Act. *Compare* Iowa Code § 216.16A(2)(a), *with* 42 U.S.C. § 3613(a)(1)(A). Adopting the federal definition of "aggrieved person" allows a local civil rights commission to directly litigate discrimination concerns, which is consistent with our legislature's direction to construe the ICRA "broadly to effectuate its purposes." Iowa Code § 216.18(1); *see also Vivian v. Madison*, 601 N.W.2d 872, 873 (Iowa 1999) (stating Iowa enacted the ICRA "to establish parity in the workplace and market opportunity for all").

Under this framework, the plaintiffs must allege they have suffered or will suffer injury from the defendant's discriminatory housing practice. *See* 42 U.S.C. § 3602(i). The plaintiffs allege two injuries in the petition. First, they allege the defendants violated state and municipal law by discriminating in housing. The government suffers an injury when its laws are violated. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (finding an injury to the United States "arising from the violation of its laws"). Second, the plaintiffs allege the defendants' actions "resulted in a deflection of the Commission's time

_____

*Comm'n*, 895 N.W.2d 446, 455–56 (Iowa 2017) (discussing law with regard to affording deference to agency interpretations).

and money from other educations, training or enforcement efforts." Such deflection of resources also qualifies as an injury. *See Bank of Am. Corp.*, 137 S. Ct. at 1302–05 (finding a city's claimed financial injury—"specifically, lost tax revenue and extra municipal expenses"—qualified it as an "aggrieved person" to bring a housing-discrimination lawsuit).

Because the plaintiffs alleged they suffered injury due to the defendants' discriminatory housing practices, they have established they are an "aggrieved person" for purposes of filing a petition under Iowa Code section 216.16A.(2)(a).

**IV. Conclusion.**

For the above stated reasons, we reverse the ruling of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**